**WOMACK–HUMPHREYS ARCHITECTS, INC., Appellant,**

v.

**Vincenzo BARRASSO, Appellee.**

**No. 05–93–00469–CV.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1994.

Frank Edward Kohn, William G. Eyres, Dallas, for appellant.

Mark H. How, Mark Frels, Dallas, for appellee.

Before LAGARDE, BARBER and MORRIS, JJ.

## OPINION

LAGARDE, Justice.

Womack–Humphreys Architects, Inc. appeals from a summary judgment granted Vincenzo Barrasso. Appellant sued appellee for breach of an architectural services agree-

ment. Appellee failed to timely answer, and the trial court rendered a default judgment. The trial court granted appellee's motion for new trial and later granted appellee's motion for summary judgment. In seven points of error, appellant asserts that the trial court (a) lacked jurisdiction to grant the motions for new trial and summary judgment, (b) abused its discretion in granting the motion for new trial, and (c) erred in granting the summary judgment. Because we reverse on jurisdictional grounds, we do not reach appellant's remaining points.

## PROCEDURAL FACTS

Appellant and appellee entered into an architectural services agreement in December 1989. Appellant alleged a breach of this agreement and, on October 18, 1990, sued appellee for the balance due. Appellant's petition sought payment of "not less than $195,000" for services performed through September 1, 1990, costs, reasonable attorney's fees, and interest.

Appellant obtained a default judgment on December 5, 1990. The default judgment stated that appellee had been duly and properly served through the Secretary of State, that the executed citation had been on file the legally required period, and that appellee had failed to answer or appear. The default judgment further stated that appellee and appellant had entered into a written agreement, that appellee had breached the agreement, and that appellant was entitled to judgment as pleaded. The default judgment ordered that appellant recover $195,000 in damages, plus attorney's fees, prejudgment interest, postjudgment interest, costs, and conditional attorney's fees.

On January 14, 1991, appellee filed a motion for new trial, verified by his counsel. The motion asserted that appellee was "not notified" of the default judgment within twenty days after it was signed and that appellee received notice "after December 25, 1990." Further, the motion stated that appellee's failure to answer appellant's petition was due to accident and mistake, and was not intentional or the result of conscious indifference. The motion alleged that appellee's attached affidavit established a meritorious de-

fense and that appellant would not be prejudiced by a new trial.

Appellee's affidavit and an exhibit thereto were the only evidence filed with the new trial motion. Appellee's duly notarized affidavit, also dated January 14, 1991, stated as follows:

[Caption omitted]
### AFFIDAVIT OF VINCENZO BARRASSO

PROVINCE OF QUEBEC
CITY OF MONTREAL

BEFORE ME, the undersigned authority, appeared Vincenzo Barrasso, personally known to me, who being sworn upon his oath deposed and said:

1. "My name is Vincenzo Barrasso. I am over the age of eighteen (18) years. I am the Defendant in the captioned matter. I am duly qualified, competent and authorized to make this affidavit, the facts of which are within my personal knowledge and [are] true and correct.

2. "On or about December 5, 1990, the Court in the captioned matter signed a default judgment (the "Judgment") against me for $195,000, plus interest, attorneys' fees and costs. I did not receive notice of the entry of the Judgment until after December 25, 1990.

3. "The basis for the lawsuit underlying the Judgment was an alleged breach of a settlement agreement (the "Settlement Agreement") signed by me on July 20, 1990 in settlement of litigation between myself and the instant Plaintiff in cause no. 90–06880, instituted in the 116th Judicial District Court of Dallas County, Texas. A true and correct copy of the Settlement Agreement is attached hereto for all purposes as Exhibit "A".

4. "The Plaintiff herein was paid $125,-000 under the terms of Paragraph 1, subsections (a) and (b) of the Settlement Agreement. Said Plaintiff is only entitled to $50,000, not the $195,000 sued for, pursuant to Paragraph 1, subsections (c), (d) and (e) of the Settlement Agreement and the terms and conditions set forth therein.

"FURTHER AFFIANT SAYETH NOT."

/S/ Vincenzo Barrasso

[Notary Public certification omitted]

Exhibit "A" to the affidavit was a July 20, 1990 settlement agreement between appellant and appellee which purported to settle for $320,000 certain litigation over the architectural services agreement. The settlement amount was payable through several transactions: (a) $100,000 on execution, (b) three additional installments of $25,000 each, and (c) one contingent installment of $145,000. The settlement agreement contained an unlimited release by appellant and a limited release by appellee. Further, the settlement agreement specified that the litigation was to be jointly dismissed without prejudice.

Appellee did not amend or supplement his new trial motion; however, he submitted two more affidavits. On February 20, appellee filed an "Amended Affidavit" that added some assertions to his first affidavit. On February 22, appellee filed a "Second Amended Affidavit" that deleted some assertions made in the Amended Affidavit and added other assertions.

On February 21, appellant responded to the motion for new trial. Appellant's response also objected to the trial court's exercise of plenary jurisdiction and to appellee's original affidavit. Specifically, appellant challenged the introduction of any evidence thirty days after the filing of appellee's new trial motion. Appellant also objected to appellee's January 14 affidavit as insufficient to meet its burden of proof under rule 306a.[1]

Over appellant's strenuous objection, the trial court convened a hearing on the new trial motion on February 21, 1991. The record does not reflect who requested this date or how it was selected. Nor does the record reflect an objection by appellee to this date. Appellee produced no witnesses, although appellee's counsel informed the trial court that appellee was in town and available to testify.

After discussing the legal issues with both counsel, the trial court ordered the parties to mediation. Neither party offered evidence on the pending motion.

Apparently, the mediation reached an impasse. In the next two months, both parties filed a series of letter briefs in which they argued the merits of appellant's jurisdictional objections. On April 22, the trial court held another hearing on appellee's new trial motion. At this hearing, the trial court stated, "I'm not worried about the plenary jurisdiction. I'm worried more about the merits." After arguments of counsel on the merits, the court conditionally granted the new trial motion if appellee paid appellant the undisputed $50,000 owed under the purported settlement agreement and $7,500 in attorney's fees incurred in obtaining the default judgment.

At the April 22 hearing, appellee again offered no evidence.[2] Appellant, however, was denied the opportunity to present its evidence before the trial court ruled. After proper objection, appellant made a record of the excluded testimony. After appellee complied with the condition, the trial court signed its order setting aside the default judgment on April 26, 1991—105 days after January 11, 1991, the date appellee's "Second Amended Affidavit" asserted he received "notice."

Approximately one year later, appellee filed a motion for summary judgment. The trial court granted the summary judgment on December 7, 1992. Appellant timely perfected its appeal of that judgment.

## JURISDICTION

■ A trial court loses plenary jurisdiction to grant a new trial thirty days after signing a judgment. TEX.R.CIV.P. 329b(d); *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983). After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment unless it lacked subject matter jur-

---

1. TEX.R.CIV.P. 306a. All future references to "rule" or "rules" mean the Texas Rules of Civil Procedure.

2. Despite notice of the second hearing, appellee was in Canada; thus, he was unavailable to testify. Appellee's counsel offered to telephone appellee, but the trial court declined this invitation.

isdiction to render judgment in the first place. *Middleton v. Murff,* 689 S.W.2d 212, 213–14 (Tex.1985).

### A. Rule 306a

■ If applicable, however, rule 306a operates to extend the start of the rule 329b timetable. *See* Tex.R.Civ.P. 306a(1), (4). Compliance with the provisions of rule 306a is a jurisdictional prerequisite. *See Memorial Hosp. v. Gillis,* 741 S.W.2d 364, 365 (Tex. 1987) (per curiam). Unless a party establishes, in the manner prescribed by rule 306a(5), on sworn motion, that he had no notice *or* knowledge of the judgment, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment expires thirty days after entry of judgment. *Id.*

The controlling issue before us, therefore, is whether appellee complied with the provisions of rule 306a. In its first two points of error, appellant asserts that appellee did not comply; thus, the deadline to file his new trial motion was not extended, and the trial court lost plenary jurisdiction of this case before setting aside the 1990 default judgment and entering the 1992 summary judgment.

### B. Arguments of Parties

Appellant bases his argument on a reading of rule 306a that requires appellee to "timely" prove when he received notice or actual knowledge. Further, appellant alleges that appellee was required to present evidence "in open court" within thirty days of acquiring actual knowledge "and/or" filing his motion for new trial. Because no evidentiary hearing took place, appellant asserts that appellee failed to meet his burden under rule 306a.

Appellee responds that rule 306a mandates neither a hearing nor a deadline for a hearing on rule 306a matters. Appellee argues that his verified motion was sufficient to invoke the trial court's jurisdiction. Further, appellee asserts that an evidentiary hearing was unnecessary because his uncontroverted affidavits were sufficient to support the trial court's implied factual finding that he was entitled to the rule 306a extension.

We agree, in part, and disagree, in part, with both parties. Nevertheless, because appellee failed to reinvoke the trial court's plenary jurisdiction after its expiration, we conclude that the judgment of the trial court must be reversed.

### DISCUSSION

■ Initially, we note that the trial court signed a default judgment on December 5, 1990. Accordingly, absent a timely motion for new trial, the trial court lost plenary jurisdiction on January 4, 1991. *See* Tex. R.Civ.P. 329b(d), 306a(1); *Jackson,* 660 S.W.2d at 808. Without application of rule 306a, appellee's January 14, 1991 motion for new trial was untimely and the trial court had no authority to rule on its merits. *See* Tex.R.Civ.P. 329b(a). If within twenty days after the judgment is signed, a party adversely affected by it or his attorney has neither received the notice sent by the court clerk nor acquired actual knowledge of the judgment, then the rule 329b timetable begins to run on the date that the party or his attorney first received such notice or acquired actual knowledge. Tex.R.Civ.P. 306a(4). In no event, however, shall the timetable begin to run later than ninety days after the judgment was signed. *Id.*

■ Rule 306a clearly places the burden to establish its applicability on the new-trial movant. Tex.R.Civ.P. 306a(5); *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding) (op. on reh'g). To invoke rule 306a, the movant must "prove in the trial court, on sworn motion and notice," (a) the first date that either he or his attorney received the clerk's notice of judgment *or* acquired actual knowledge of the signed judgment and (b) that such date was more than twenty days but not more than ninety days after the judgment was signed. Tex.R.Civ.P. 306a(5); *Carrera,* 847 S.W.2d at 341; *see Thermex Energy Corp. v. Rantec Corp.,* 766 S.W.2d 402, 405 (Tex.App.—Dallas 1989, writ denied) (op. on mot. to compel); *see also Levit v. Adams,* 850 S.W.2d 469, 470 (Tex.1993) (per curiam).

■ The purpose of the 306a motion is to establish a *prima facie* showing that the trial court has jurisdiction for a 306a hearing. *Carrera,* 847 S.W.2d at 342. Only then, if requested, is the trial court required to hold an evidentiary hearing. *Thermex,* 766 S.W.2d at 406. Without a *prima facie* showing of the applicability of rule 306a, the trial court's jurisdiction is not reinvoked.[3] *Carrera,* 847 S.W.2d at 342. The movant, however, is afforded at least thirty days from the first date that he or his attorney receives the clerk's notice or acquires actual knowledge of the judgment to establish a *prima facie* showing of rule 306a requirements. *See Vineyard Bay Dev. Co. v. Vineyard on Lake Travis,* 864 S.W.2d 170, 172 (Tex.App.—Austin 1993, writ dism'd) (time period to establish *prima facie* case not limited to thirty days); *Thermex,* 766 S.W.2d at 406.

### A. Prima facie showing within thirty days of notice or actual knowledge

■ Our initial inquiry in the instant case is whether appellee established a *prima facie* case of jurisdiction under rule 306a within the thirty-day period following appellee's receipt of notice or acquiring actual knowledge. As *appellee* sagely posed the issue in its brief, "if the [m]otion for [n]ew [t]rial and the [a]ffidavit were sufficient under Rule 306a then the [m]otion was timely filed."

To establish a *prima facie* case of jurisdiction on these facts, appellee had to show by a sworn motion or affidavit[4] (a) the *first* date that he *or his attorney* received the clerk's

notice of judgment *or acquired actual knowledge* of the signed judgment and (b) that this occurred after December 25, 1990. *See* Tex. R.Civ.P. 306a(4), (5). Toward these jurisdictional elements, appellee's affidavit stated only that "I did not receive *notice* of the entry of the judgment *until after December 25, 1990.*" (Emphasis added.) Appellee's motion, sworn to by his attorney, stated only that:

> [Appellee] *was not notified* of the entry of a default judgment against him within the twenty (20) days *required* by Rule 306(a) of the Texas Rules of Civil Procedure. Consequently, the period for filing a Motion For New Trial herein begins to run from the date [appellant] received *notice* of the entry of the default judgment, which *notice* was received after December 25, 1990.

For several reasons, we conclude that appellee's sworn motion and January 14 affidavit, as a matter of law, failed to establish a *prima facie* case for reinvoking the trial court's plenary jurisdiction.

First, rule 306a expressly requires the movant to prove a specific date on which notice was received or actual knowledge acquired. Obviously, an actual "first" date is necessary so that the new trial and appellate timetables can be calculated. Neither the first affidavit nor the motion asserts a single date, but instead each alleges notice "after December 25, 1990." At most, this assertion is evidence that notice occurred more than twenty days after the judgment was signed.

3. Contrary to an opinion from the Eighth Court of Appeals, this interpretation of rule 306a is not inconsistent with our opinion in *Thermex. See Carrera,* 847 S.W.2d at 342 n. 6, 343. In *Thermex,* this Court determined that an unobjected-to, *unsworn* motion for new trial was sufficient under rule 306a when coupled with *sworn testimony* from an evidentiary hearing conducted within thirty days after the movant first acquired notice or actual knowledge of the judgment in question. *Thermex,* 766 S.W.2d at 406. We concluded that the trial court had jurisdiction to conduct the evidentiary hearing, even though the movant's new trial motion was unverified and, consequently, failed to present the necessary *prima facie* evidence of the court's jurisdiction.

Essentially, our reasoning in *Thermex* was based on a fundamental principle: a court having potential jurisdiction always has power to hold a *hearing* to determine its jurisdiction. *See*

*Graham v. Graham,* 733 S.W.2d 374, 377 (Tex. App.—Amarillo 1987, writ ref'd n.r.e.). In *Thermex,* during a jurisdictional hearing the movant put on sworn testimony establishing a *prima facie* case of jurisdiction. In other words, instead of tendering a sworn *motion* to the court, the movant presented sworn *testimony.* We considered it inconceivable that what one could accomplish with a sworn motion one could not accomplish by live testimony; form should not be elevated over substance. *Thermex,* 766 S.W.2d at 406.

4. An unsworn motion with an attached sworn affidavit has been held sufficient to satisfy rule 306a(5) requirements. *See Gee v. Lewisville Memorial Hosp., Inc.,* 849 S.W.2d 458, 460 (Tex. App.—Fort Worth 1993, writ denied).

This assertion, however, is not sufficient to meet the specific date requirement of rule 306a.[5]

Second, rule 306a expressly requires appellee not only to negate timely receipt of the clerk's notice, but the acquisition of *actual knowledge* of the judgment within twenty days of the date the judgment was signed. Appellee's affidavit and motion limit his assertions to "notice" only. Neither the affidavit nor the motion alleges that appellee did not possess actual knowledge of the judgment within twenty days of the date the judgment was signed.

Finally, the express language of rule 306a operates to charge the movant with notice or actual knowledge that his *attorney* acquires. Neither the affidavit nor the motion asserts that appellee's attorney neither received the clerk's notice nor acquired actual knowledge of the judgment within twenty days of the date the judgment was signed. Thus, in direct contravention of the plain language of rule 306a(4) and (5), appellee's motion and first affidavit failed to establish a *prima facie* showing of rule 306a applicability.

■ Our analysis, however, does not end here. Appellee's brief argues that the trial court properly considered all *three* affidavits in granting the new trial motion. At oral argument, appellee cited as support for his argument the *Vineyard Bay Development Company* case recently decided by the Third Court of Appeals. *See Vineyard Bay Dev. Co.,* 864 S.W.2d at 172. Consequently, we must address the issue we specifically left open in *Thermex:* whether the movant of an out-of-time, new-trial motion can establish a *prima facie* case of the applicability of rule 306a *outside* the thirty-day period following his or his attorney's receipt of notice or actual knowledge of the judgment. *See*

*Thermex,* 766 S.W.2d at 406. Appellee argues that he may. We disagree.

## B. *Prima facie showing outside thirty days of notice or actual knowledge*

Initially, we note that appellee failed to assert the specific date that he first received notice or acquired actual knowledge of the judgment until his third affidavit.[6] Appellee's February 20 affidavit stated "[t]he first knowledge I had of the instant proceeding was when I received notice of the filing by the [p]laintiff of its Application for Turnover Order. I immediately telecopied that ... Order to my present counsel...." Appellee's February 22 affidavit stated that he "did not receive notice of the entry of the [j]udgment until Friday, January 11, 1991." For purposes of this inquiry, we will assume, without deciding, that January 11, 1991, was the first date that appellee *or* his attorney received notice *or* acquired actual knowledge of the judgment.[7]

We realize that rule 306a does not expressly set a time limit for either a party to file a 306a motion or the trial court to hold a hearing. *See* TEX.R.CIV.P. 306a(4), (5); *Vineyard Bay Dev. Co.,* 864 S.W.2d at 172. Rule 306a, however, cannot be interpreted in a vacuum. This rule expressly operates to determine

> the *beginning* of the periods ... for the [trial] court's plenary power to grant a new trial ... and for filing in the trial court the various documents that these rules authorize a party to file *within such periods* including, but not limited to, motions for new trial....

TEX.R.CIV.P. 306a(1) (emphasis added). The rule also expressly establishes an exception to that determination. *See* TEX.R.CIV.P.

---

5. *See infra* note 6.

6. Alternatively, if the statement "after December 25, 1990" in appellee's January 14 and February 20 affidavits can be interpreted as evidence of a single date, we must make reasonable inferences in favor of the nonmovant. *See Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183, 185 (Tex. 1970). We construe it, therefore, to mean only December 26, 1990; however, the remainder of this opinion establishes that any date earlier than January 21, 1991 results in the same conclusion.

7. Accordingly, we also assume, without deciding, that appellee's "amended affidavit" and "second amended affidavit" did not *supersede* and supplant the preceding affidavit(s), but merely *supplemented* them. Further, we assume, without deciding, that all evidence adduced in these three affidavits, if considered, would establish a *prima facie* case of jurisdiction under rule 306a.

**816**

306a(4), (5). Rule 329b, on the other hand, establishes the *length* of time a movant has to file a motion for new trial and the length of the trial court's plenary jurisdiction to rule on such a motion. *See* TEX.R.CIV.P. 329b. Rule 306a must be construed together with rule 329b to implement the purposes for which they were both enacted.

■ We have closely analyzed these two rules. We conclude that the intended purpose of the exception contained in 306a(4) and (5) is to substitute one established date for another as the beginning of the timetables under our procedural rules. We hold that, in order to reinvoke the trial court's plenary jurisdiction under rule 306a, the movant must establish a *prima facie* case of jurisdiction within thirty days of the substituted date.[8] The substituted date must be (a) the earliest date on which the adversely affected party or his attorney either (i) receives notice or (ii) acquires actual knowledge, *and* (b) that date must be more than twenty days but no more than ninety days after the judgment was signed. TEX.R.CIV.P. 306a(4), 329(a), (d); *see Levit,* 850 S.W.2d at 470 (Rule 306a is not triggered by notice or actual knowledge received after the ninetieth day).

■ This opinion should not be construed to require a trial court to hold a 306a–related hearing within thirty days of the movant's awareness of the judgment or to require separate 306a and 329b hearings. Once the trial court's jurisdiction is reinvoked through this *prima facie* showing, the court is free to set its calendar within its discretion, subject to the timetables contained in rule 329b.[9]

### SUMMARY

Appellant obtained a default judgment against appellee on December 5, 1990. The trial court lost plenary jurisdiction of this case on January 4, 1991. Appellee's third sworn affidavit purportedly established the date of his first awareness of the default judgment as January 11, 1991. Taking this as true, appellee had until February 11, 1991 to properly reinvoke the trial court's jurisdiction under rule 306a.[10] Appellee's January 14 motion and affidavit were timely but were insufficient as a matter of law to establish a *prima facie* case of the trial court's jurisdiction. Appellee's second and third affidavits, filed after February 11, were untimely. To the extent that the trial court considered them, it erred. Consequently, appellee failed to reinvoke the trial court's jurisdiction under rule 306a.

We sustain appellant's first and second points of error. Due to the disposition of these points of error, we need not consider appellant's other points. *See* TEX.R.APP.P. 90(a). We reverse the trial court's summary judgment of December 7, 1992 and vacate as void and of no effect the trial court's April 26, 1991 order setting aside the default judgment. *See Jackson,* 660 S.W.2d at 808. We reinstate the December 5, 1990 default judgment as the final judgment.

---

8. Accordingly, we decline to follow the opinion of our sister court. *See Vineyard Bay Development Co.,* 864 S.W.2d at 172.

9. Of course, at any rule 306a hearing the trial court is free to believe or disbelieve a movant's jurisdictional evidence or believe or disbelieve the nonmovant's contradicting evidence. However, absent a hearing, the trial court is bound to accept the movant's sworn affidavit as true. *Thermex,* 766 S.W.2d at 406; *Van der Veken v. Joffrion,* 740 S.W.2d 28, 31 (Tex.App.—Texarkana 1987, no writ) (per curiam); *see also Ward v. Nava,* 488 S.W.2d 736, 737 (Tex.1972) (in reviewing denial of new trial motion, court relied solely on affidavit of movant when no evidentiary hearing held); *Healy v. Wick Bldg. Sys., Inc.,* 560 S.W.2d 713, 721 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (on motion for reh'g) (finding of fact contrary to movant's affidavit in support of motion for new trial was without effect without evidentiary hearing).

10. Thirty days from January 11, 1991 is February 10, 1991. However, because February 10th was a Sunday, appellee had until the next non-Saturday, Sunday, or holiday. *See* TEX.R.CIV.P. 4.