**KOCH GATHERING SYSTEMS, INC.,**
**David Fogelman and Richard**
**Tuttle, Appellants,**

v.

**Kevin HARMS, et al., Appellees.**

No. 13–96–636–CV.

Court of Appeals of Texas,
Corpus Christi.

April 30, 1997.

Rehearing Overruled May 29, 1997.

Kent E. Westmoreland, Stanley T. Proctor, Phelps Dunbar L.L.P., Houston, Thomas E. Baker, Gene R. Ward, Russell Manning, Demars, Hornblower, Manning & Ward, Corpus Christi, Robert J. McCully, Koch Industries, Inc., Wichita, KS, for Appellants.

Vernon N. Reaser, Jr., Reaser & Wall, Victoria, Steven A. Kanner, Chicago, IL, Charles David Kipple, Saccomanno & Clegg, Houston, William R. Edwards, Edwards & Terry, Corpus Christi, Carol V. Gilden, Much, Shelist, Freed, Denenberg, Ament, Chicago, IL, for Appellees.

Before SEERDEN, C.J., and YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an attempted interlocutory appeal from an order certifying a class action. Appellants Koch Gathering Systems, Inc., David Fogelman and Richard Tuttle (collectively "Koch") claim Appellees failed to satisfy the prerequisites of Rule 42 of the Texas Rules of Civil Procedure relating to class certification. We dismiss for want of jurisdiction.

## BACKGROUND

Appellees filed suit against Koch alleging that on October 8, 1994, a Koch pipeline in Gum Hollow Creek ruptured, releasing large quantities of crude oil which subsequently flowed into Nueces Bay, Corpus Christi Bay and Oso Bay, causing Appellees to suffer lost profits due to pollution. Appellees asserted causes of action for negligence, gross negligence and fraud in the inducement regarding the execution of releases by several potential class members.

Appellees filed a Motion and Memorandum for Class Certification. On September 30, 1994, the trial court conducted an extensive hearing on the Motion and on November 8, 1994 signed an order certifying Appellees as representatives of the following class:

> All persons, firms, corporations or other entities operating as commercial fishermen harvesting seafood products from the Corpus Christi Bay System or adjacent waters (excluding (a) federal, state and local governmental entities and subdivisions and (b) Defendant, its parent, subsidiaries and affiliates) that suffered harm as a result of the oil spill from Koch pipeline which occurred on or about October 8, 1994.

(the "First Order").

Following a second hearing on November 21, 1996, the court signed another order, identical to the first with the exception that it modified the geographic area affected by

Koch's alleged negligence and the time limit for when claims would cease:

> All persons, firms, corporations or other entities operating as commercial fishermen harvesting Seafood from the Relevant Area at any time during the period through 1996 after the oil spill from the Koch pipeline which occurred on or about October 8, 1994, or sustained damage to their property as a result of such spill [excluding (a) federal, state and local governmental entities and subdivisions and (b) defendant, its parent, subsidiaries and affiliates].
>
> "Seafood" means commercial fish and shrimp.
>
> "Relevant Area" means the Corpus Christi Bay System, (Corpus Christi Bay, Nueces Bay, and Oso Bay), Aransas Bay, the upper Laguna Madre, and Grid Numbers Nineteen (19) and Twenty (20) in the Gulf of Mexico.

(the "Second Order").

Koch perfected this appeal on December 4, 1996 by filing a cash deposit in lieu of bond. This date is within twenty days of the Second Order, but not the First Order. Appellees filed a Motion to Dismiss for Want of Jurisdiction based on Koch's failure to perfect the appeal within twenty days of the First Order. We ordered the motion carried with the case.

## JURISDICTION

An appeal may be prosecuted only from a final judgment and to be final a judgment must dispose of all issues and parties in a case. *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). Accordingly, except as authorized by statute, no appeal lies from an interlocutory order. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); *Aldridge,* 400 S.W.2d at 895.

Section 51.014 of the Texas Civil Practice and Remedies Code allows appeals from various types of interlocutory orders, including one that "certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure." Tex.Civ.Prac. & Rem.Code § 51.014(3) (Vernon Supp.1996). Rule 42 of the Rules of Appellate Procedure

sets forth the procedure for appealing an interlocutory order, including the timetables for perfecting such an appeal. Appellees assert Koch failed to timely perfect its appeal because the cash deposit in lieu of bond was not filed within 20 days of the signing of the First Order. Tex.R.App.P. 42(a)(3).

Appellees claim the appellate timetable should run from the signing of the First Order because the Second Order merely changed the class definition and did not constitute an alteration of the "fundamental nature of the class." *De Los Santos v. Occidental Chem. Corp.,* 933 S.W.2d 493, 495 (Tex.1996).

In *De Los Santos,* the trial court certified a class, and then subsequently entered a second order which permitted the plaintiffs to "opt-out" of the certification if they chose to do so. Several of the plaintiffs opted-out and the case proceeded to trial. After trial, the defendants offered to settle the case conditioned on certification of a mandatory class. Class counsel accepted and after conducting a hearing, the court certified a mandatory class and approved the settlement over the objection of the plaintiffs who had opted-out and not participated in the trial.

An interlocutory appeal was filed and, relying on *Pierce Mortuary Colleges, Inc. v. Bjerke,* 841 S.W.2d 878, 880–81 (Tex.App.—Dallas 1992, no writ), this Court dismissed the appeal for want of jurisdiction, finding the order certifying the mandatory class only enlarged the size of the existing opt-out class and thus was not an order from which an interlocutory appeal could be taken under section 51.014 of the Texas Civil Practice and Remedies Code. *De Los Santos v. Occidental Chemical Corp.,* 925 S.W.2d 62, 65 (Tex. App.—Corpus Christi 1996).

The supreme court distinguished *Pierce Mortuary Colleges* and reversed, holding that "changing a class from opt-out to mandatory does not simply enlarge its membership; it alters the fundamental nature of the class." *De Los Santos,* 933 S.W.2d at 495. Therefore, we must decide whether the modifications contained in the Second Order changed the "fundamental nature" of the class.

■ Unlike *De Los Santos*, the definition of the class in the present case did not change from the First Order to the Second. In both orders, the persons who will belong to the class are "all persons, firms, corporations or other entities operating as commercial fishermen harvesting seafood. . . ." The only significant changes between the First Order and the Second Order are that (1) the phrase "Corpus Christi Bay System or adjacent waters" is more specifically defined as requested by Koch, and (2) the time frame for when claims would cease is narrowed from an open ended date to a specific date.

Because the Second Order merely modified an existing certification order, Koch was required to timely perfect the interlocutory appeal from the First Order. It failed to do so.

■ Koch claims the record reflects all parties operated under the presumption that the trial court did not grant Appellees' Motion for Class Certification until after the November 21 hearing. The belief of the parties is not relevant to a consideration of whether this Court has jurisdiction. *See Burke v. Satterfield*, 525 S.W.2d 950, 953 (Tex.1975) (it is fundamental that the subject matter jurisdiction of a court cannot be enlarged by an agreement between the parties).

Moreover, the statement of facts from the first hearing does not support Koch's assertion. In that hearing, the trial court stated: "I am going to certify this lawsuit as a class action. The issue of fraud I will review it and get back to you as soon as I can." The court orally rendered its decision from the bench on September 30, 1996 and thereafter signed the First Order on November 8, 1996.

Koch makes reference to the trial court's statement, at the beginning of the November 21 hearing that, "I guess this hearing is for me to enter an order. I considered the pleadings and I am going to grant I think all the issues asked for." Koch interprets this statement as a belief by the trial court that no certification order had yet been entered. Again, the trial court's belief does not affect our jurisdiction.

■ Koch further claims it did not receive notice of the First Order and thus had ninety days from the date of the First Order to perfect the appeal. Rule 306a provides that

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Tex.R.Civ.P. 306a(4). Accordingly, respective timetables (whether it be to file a motion for new trial or to perfect an appeal) do not begin to run until a party or his attorney receives notice of the judgment or order; however, the rule does not grant a party claiming lack of notice an automatic ninety-day extension.

Rule 306a(5) provides that to establish lack of notice and the application of paragraph (4), the adversely affected party must

> prove in the trial court, on *sworn* motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex.R.Civ.P. 306a(5) (emphasis added). A sworn motion is required to establish a prima facie case of such lack of notice, thereby reinvoking the jurisdiction of the trial court for the limited purpose of conducting a hearing. *Montalvo v. Rio Nat'l Bank*, 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ). Swearing to the motion under rule 306a establishes prima facie evidence of when the movant first acquired knowledge of a judgment adverse to him and, if the movant requests an evidentiary hearing on the motion, establishes his right to such a hearing. *Id.* Without a prima facie showing of the applicability of rule 306a, the trial court's jurisdiction is not reinvoked. *Id.*

We granted Koch's "Motion for Leave to Supplement the Record Pertaining to Appellees' Motion to Dismiss" with the trial court's "Findings of Fact on Defendant's Motion for Determination of Date that Notice of November 8, 1996, Order Was Received by Defendants."[1] However, Koch failed to include the Motion for Determination in the supplemental transcript. We therefore are unable to ascertain whether Koch complied with the requirements of Rule 306a by filing a *sworn* motion. It was Koch's burden to bring forth a sufficient record showing its entitlement to relief. Tex.R.App.P. 50(d); *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex.1990).

■ Even were we to have the Motion for Determination, Koch's invocation of the trial court's jurisdiction to determine when it received notice was not timely. We recognized in *Montalvo* that rule 306a does not expressly set a time limit for either a party to file a 306a motion or for the trial court to hold a hearing. *Montalvo*, 885 S.W.2d at 237 (citing *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 815 (Tex.App.—Dallas 1994)). However, we also recognized that rule 306a cannot be construed in a vacuum because the rule operates expressly to determine the beginning of the trial court's plenary power. Tex.R.Civ.P. 306a(1); *Id.*

■ Rule 329b establishes the length of time a movant has to file a motion for new trial and the length of the trial court's plenary power to rule on such motion. *See* Tex.R.Civ.P. 329b. Rule 306a must be construed together with rule 329b to implement the purpose for which both rules were enacted. We adhere to our previous holding in *Montalvo* and find that in order to reinvoke the trial court's plenary power under rule 306a,

Koch was required to establish a prima facie case of jurisdiction in the trial court within thirty days of the substituted date of judgment, December 31, 1996. *Montalvo*, 885 S.W.2d at 237. *Accord Barrasso*, 886 S.W.2d at 816; *Carrera v. Marsh*, 847 S.W.2d 337, 341 (Tex.App.—El Paso 1993, orig. proceeding) (unverified motion insufficient to invoke trial court's jurisdiction to conduct hearing pursuant to rule 306a(5)); *but contra, Vineyard Bay Dev. Co. v. Vineyard On Lake Travis*, 864 S.W.2d 170, 172 (Tex.App.—Austin 1993, writ denied) (*unsworn* motion for new trial filed within 30 days of the substituted date of judgment sufficient to extend the trial court's plenary power to consider *sworn* motion for new trial filed 31 days after substituted date of judgment for the purpose of conducting rule 306a(4) hearing).[2]

Because Koch did not receive notice of the First Order until December 31, 1996, it was required to file its rule 306a motion within thirty days of that date, or on or before January 30, 1997. The Motion was not filed until March 3, 1997, 62 days after the substituted date of December 31, 1996. The trial court did not conduct a hearing and enter its findings until March 26, 1997, 85 days after the substituted date.[3]

Accordingly, we find that because Koch failed to establish the applicability of rule 306a(4) in the manner provided by paragraph (5) of the rule, Koch cannot rely on the rule to extend its appellate deadline.[4]

[8] Moreover, any complaint regarding an amended certification order which could have been raised following the original certification order must be raised in an appeal timely perfected from the original order. *Pierce Mortuary Colleges*, 841 S.W.2d at 881.

---

1. In the findings of fact, the trial court made the determination that neither Koch nor its attorneys had received notice or had knowledge of the First Order until December 31, 1996, and that such date was more than twenty days after the signing of the First Order.

2. As in *Montalvo*, to the extent that *Vineyard Bay* is contrary, we decline to follow it. *Montalvo*, 885 S.W.2d at 237 n. 2; *Barrasso*, 886 S.W.2d at 816 n. 8.

3. Neither *Montalvo* nor *Barrasso* is clear in holding whether a movant must, within thirty days of

the date of the substituted date of judgment, *file* its rule 306a motion, or have a *hearing* on the motion. In the present case, neither occurred.

4. This case is distinguishable from *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402 (Tex. App.—Dallas 1989, no writ), wherein the court of appeals found an unverified motion for new trial was sufficient to extend the appellate deadline. In *Thermex*, the trial court both held a hearing within thirty days of the asserted notice date and made its finding within thirty days of the asserted notice date. *Thermex*, 766 S.W.2d at 406.

In this case, Koch complains the trial court abused its discretion in certifying the class because the requirements of rule 42 of the Texas Rules of Civil Procedure were not met. However, the trial court made the same findings regarding compliance with rule 42 in the First Order as it did in the Second Order. Koch, therefore, could have made its complaint after the original certification order was signed. Having failed to do so, it cannot do so now.

■ The first order was signed on November 8, 1996. Pursuant to Tex.R.App.P. 42(a)(3), Koch was required to perfect its appeal with twenty days, or on or before Monday, December 2, 1996.[5] Unless the appeal was perfected within that period, this Court has no jurisdiction to consider the assigned error. *Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956). The deadline is immutable; we cannot extend it. *NCNB Nat'l Bank of Tex. v. Erwin*, 769 S.W.2d 655, 655 (Tex.App.—Corpus Christi 1989, no writ); *Revier v. Spragins*, 810 S.W.2d 298, 302 (Tex.App.—Fort Worth 1991, no writ). The requirement that a cost bond or equivalent be timely is jurisdictional. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978).

We conclude this appeal was not timely perfected. Accordingly, we do not reach the merits of Koch's points of error. We grant Appellees' motion to DISMISS the appeal for want of jurisdiction.

---

**5.** Twenty days from November 8, 1996 was Thursday, November 28, 1996—Thanksgiving Day. The courts were closed on both Thursday the 28th and Friday the 29th. Thus, Koch had until Monday, December 2, 1996, the next day that was neither a Saturday, Sunday or legal holiday, in which to perfect its appeal. Tex. R.App. 5(a).