Christopher Leigh JOHN, Appellant,

v.

MARSHALL HEALTH SERVICES, INC. and Harrison County Hospital Association, Inc. d/b/a Marshall Regional Medical Center, Appellees.

No. 06–99–00169–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 23, 2000.

Decided Feb. 24, 2000.

Ross, Hudgens & Associates, Longview, for appellant.

Deborah J. Race, Ireland, Carroll, Kelley, Tyler, for appellee.

Before CORNELIUS, C.J., and GRANT, J.

# OPINION

Opinion by Chief Justice CORNELIUS.

■ Marshall Health Services, Inc. and Harrison County Hospital Association, Inc. d/b/a/ Marshall Regional Medical Center, appellees, have filed a motion to dismiss this appeal for want of jurisdiction. They contend that the notice of appeal was filed late, and that the trial court correctly determined that, by the time appellant, Dr. Christopher John, filed a document asking the trial court to extend the effective date of the judgment, the court had lost plenary power over the case.

John contends that he had no notice of the judgment and that the trial court erred by finding that he had waited too long to take steps to establish the applicable time period because he filed his motion more than thirty days after discovering the existence of the judgment. John further contends that the judgment is interlocutory, and so his appeal is actually premature because no final judgment has yet been entered.

■ We first address the question of whether the judgment is final or interlocutory. Before trial, the trial court granted, in part, Marshall Health Services and the Harrison County Hospital Association's motion for summary judgment on John's contract claims. During the trial, the Health Services and the Hospital filed a motion for directed verdict, which the trial court initially denied. The jury could not reach a verdict. The trial court then reconsidered the motion for directed verdict and granted judgment in favor of the Health Services and the Hospital. The record shows that there are defendants in this case who were not explicitly disposed of by the language of the judgment on the directed verdict. When a judgment, not

Derek S. Hollingsworth, Hughes & Luce, LLP, Dallas, Kenneth L. Ross,

intrinsically interlocutory in character, is rendered in a case set for a conventional trial on the merits, it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966). The judgment here contains a "Mother Hubbard" clause stating that all relief not expressly granted is denied. Inclusion of such a clause in a judgment makes the judgment final for appeal purposes. *See Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993).¹ We therefore treat the judgment in this case as a final judgment that disposed of all claims and parties.

John next contends that his notice of appeal was timely. The judgment was signed on September 8, 1999. The trial court found that John did not receive a copy of the judgment, but that on September 30, 1999, he received actual knowledge that a judgment had been signed. John filed a motion for new trial on October 13, 1999. Sixty days later, on December 10, John filed a motion to deem his motion for new trial timely filed. In that motion he invoked Tex.R. Civ. P. 306a(4),(5), attempting to convince the trial court to establish new time periods to run from the date that he received notice of the judgment. John filed a notice of appeal on December 13, 1999, ninety-six days after the date on which the judgment was signed.

After conducting a telephone hearing on December 13, the trial court concluded that on September 30 John had become aware that a judgment had been signed, and that he had thirty days from that date to file a motion to establish the applicable time period. Because the motion was not filed until nearly two months later, the court concluded that it did not have the

authority to establish a new date for the judgment.

The result of the trial court's findings is that the judgment date was not brought forward to the date on which John had notice of the judgment, and the operative date for determining the timeliness of the appeal remains the date the judgment was signed. The motion for new trial was therefore late, and the notice of appeal was also late. The lack of a timely notice of appeal deprives this Court of jurisdiction over the merits of the appeal.

■ The first question is whether, in this situation, a party must bring a motion under Rule 306(a)(5) within thirty days after receiving notice that a judgment has been signed. The purpose of the Rule 306a(5) motion is to establish a prima facie showing that the trial court has jurisdiction to conduct a hearing on whether Rule 306a(4) applies. *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 625 (Tex.App.-Dallas 1998, pet. denied); *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 814 (Tex.App.-Dallas 1994, writ denied).

Neither Rule 306a nor its counterpart in the appellate rules, Tex.R.App. P. 4, states when a party must move for a determination of late notice. Several courts of appeals have held that a party must file such a motion within thirty days of acquiring notice. *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d at 625; *Gonzalez v. Sanchez*, 927 S.W.2d 218, 221 (Tex.App.-El Paso 1996, no writ); *Montalvo v. Rio Nat'l Bank*, 885 S.W.2d 235, 237 (Tex.App.-Corpus Christi 1994, no writ).

This conclusion is also supported by *Memorial Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987), in which the court stated that Rule 306a(4)

---

1. Counsel has made this Court aware that two cases have been recently argued before the Texas Supreme Court that may affect this opinion as to the application of *Mafrige*. *Lehmann v. Har–Con Corp.*, 988 S.W.2d 415 (Tex. App.-Houston [14th Dist.] 1999, pet. granted); *Harris v. Harbour Title Co.*, No. 14–99–00034– CV, 1999 WL 211859 (Tex.App.-Houston [14th Dist.] April 8, 1999, pet. granted) (not designated for publication). Because we cannot predict the outcome of those appeals or when the opinions will be issued, we will not delay our decision in this matter.

provides that a party who did not have notice or knowledge of a judgment or order is afforded thirty days from the date he acquired notice or knowledge in order to invoke the trial court's plenary jurisdiction.

Thus, we conclude that the party seeking relief under Rule 306a(4), (5) has thirty days from the first date he or his attorney receives the clerk's notice or acquires actual knowledge of the judgment to establish a prima facie showing of the Rule 306a(5) requirements. *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d at 816.[2]

John also suggests that the operative date should not be the date he first received notice that a judgment was signed, but instead the date on which he received notice of the correct date that the judgment was signed. In this case, it appears that John received notice by telephone, but that the clerk informed him that the judgment was signed on September 13 instead of the correct date of September 8. John waited until the thirtieth day after the latter date to file his motion for new trial. Although there are cases where this would be critical, in this case we have concluded that John did not timely file his motion under Rule 306a(4), (5).

The judgment date that applies in this case is the date on which the judgment was signed. No timely motion for new trial was filed within thirty days of that date, and no timely notice of appeal was filed. Thus, this Court has no jurisdiction over the merits of the appeal.

The appeal is dismissed.

Concurring Opinion by Justice GRANT.

BEN Z. GRANT, Justice, concurring.

If the rule is to be interpreted and applied as set forth in the majority opinion, then the Supreme Court should consider changing the rule to make it more equitable. In this case, John filed a motion for new trial thirteen days after receiving notice that a judgment had been signed. This should extend the running of the plenary power of the court and should be considered a timely motion for new trial. He also had a right to rely upon the official notice by telephone by the clerk's office informing him that the judgment had been signed on September 13, which, if this date had been correct, would have made his motion for new trial timely. However, under the present rules, without a motion to extend the effective date of the judgment, the right of appeal has been lost in spite of the other factors.

I respectfully concur.

ROSS, J., not participating.

2. *But see Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex.App.-Austin 1998, pet. denied); *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis*, 864 S.W.2d 170, 172 (Tex.App.-Austin 1993, writ denied), holding that the time period to file a motion seeking to establish a prima facie case is not limited to thirty days.