NUMBER 13-04-228-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
____________________________________________________________________
 
STEVE RAY NIXON, ET AL.,                                             Appellants,

v.

OSCAR A. KNIGHT,                                                           Appellee.
____________________________________________________________________

On appeal from the 92nd District Court
of Hidalgo County, Texas.
____________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         Appellants, Steve Ray Nixon, et al., attempted to perfect an appeal from a
judgment entered by the 92nd District Court of Hidalgo County in cause number C-869-01-A. A jury trial was held in April 2003. Judgment in this cause was signed on
February 6, 2004. The record does not show that any post-judgment motions were
filed. Pursuant to Texas Rule of Appellate Procedure 26.1, appellants’ notice of appeal
was due on March 8, 2004, but was not filed until May 7, 2004.
         On May 12, 2004, the Clerk of this Court gave appellants notice of this defect. 
Appellants were advised that if the defect was not corrected within ten days from the
date of receipt of this Court’s letter, the appeal would be dismissed. Appellants
responded to the Court’s notice on June 11, 2004. According to appellants, the trial
court signed a final judgment on February 6, 2004; however, this judgment was lost,
and no party was notified that a judgment had been signed. The trial court signed
another final judgment on April 2, 2004, but back-dated the judgment to February 6,
2004. Appellants allegedly filed a motion for new trial and notice of appeal based on
this “new” judgment.
         On June 22, 2004, the Clerk of this Court again notified appellants that the
record failed to show that appellants had complied with rule 306a of the rules of civil
procedure and that the record failed to show that a motion for new trial had been filed. 
Appellants were again advised that if the defect was not corrected within ten days
from the date of receipt of this Court’s letter, the appeal would be dismissed. 
Appellants’ response to this notice fails to establish that this Court has jurisdiction
over their appeal.
         Under the appellate rules, when a party fails to receive notice of an appealable
order or judgment within twenty days after the judgment or order was signed, the time
periods for appeal begin on the earlier of the date when the party receives notice or
acquires actual knowledge of the signing. Tex. R. App. P. 4.2(a); see also Tex. R. Civ.
P. 306a(4). However, the application of this rule is not automatic. The procedure to
gain additional time is governed by Texas Rule of Civil Procedure 306a(5). See Tex.
R. Civ. P. 306a(4). Under rule 306a(5), the party adversely affected by the lack of
notice is required to prove in the trial court, on sworn motion and notice, the date on
which the party or his attorney first either received a notice of the judgment or
acquired actual knowledge of the signing and that this date was more than twenty
days after the judgment was signed.
         In the instant case, no motion under rule 306a(5) was ever filed in the trial
court. The trial court did not make any affirmative finding regarding the date of notice
and did not sign a written order stating the same as required by appellate rule 4.2(c). 
Tex. R. App. P. 4.2(c). This Court has held that compliance with the requirements of
rule 306a(5) is mandatory before the appellate deadlines may be extended. See Koch
Gathering Systems v. Harms, 946 S.W.2d 453, 453 (Tex. App.–Corpus Christi 1997,
writ denied). 
         The Court, having examined and fully considered the documents on file, is of
the opinion that the appeal should be dismissed for want of jurisdiction. If appellants
did not receive timely notice of the trial court judgment, they could have extended the
deadlines for appeal by following the procedures set out in rule 306a. See Tex. R. Civ.
P. 306(a)(4)-(5). Because appellants failed to follow the procedures for establishing
late notice of the judgment, the deadline for perfecting the appeal was not extended. 
Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.

                                                               PER CURIAM

Memorandum Opinion delivered and 
filed this the 28th day of April, 2005.