NUMBER 13-09-00022-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE GENE ASHLEY D/B/A ROOFTEC






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam (1) 



 Relator, Gene Ashley d/b/a Rooftec, filed a petition for writ of mandamus in the
above cause on January 12, 2009, seeking to compel the trial court to vacate its order
granting reconsideration of a previous order transferring venue. On January 15, 2009, the
Court entered an order requesting a response to be filed by the real parties in interest, J
& M Zamora Family, LP, and Dr. Jorge C. Zamora Quezada (collectively "Zamora"), and
such response was duly filed. See Tex. R. App. P. 52.4. We deny the petition for writ of
mandamus for the reasons stated herein.

I. Background


 The underlying litigation arose over the construction of a medical surgical center in
San Antonio. Zamora sued relator, among other designers and builders of the center, in
Hidalgo County for breach of contract, fraud, and other causes of action. Relator filed a
motion to transfer venue, and the trial court transferred venue to Bexar County. Zamora
filed a motion for reconsideration and a rule 306a motion contending that they did not
receive notice of the trial court's order transferring venue. See generally Tex. R. Civ. P.
306a. The trial court granted the 306a motion, granted the motion for reconsideration, and
vacated its order transferring venue. 

 Relator filed a petition for writ of mandamus complaining that the trial court lacked
jurisdiction to reconsider its order transferring venue because the order granting
reconsideration and vacating the transfer order was issued more than thirty days after the
trial court originally transferred venue. In his petition, relator raises issues relating to the
trial court's plenary jurisdiction after it transfers venue, the effect of post-judgment motions
on orders transferring venue, the application of rule 306a to venue orders, the procedural
ramifications of the rule 306a requirements, and substantively, whether the trial court
abused its discretion in not transferring the case to San Antonio based on mandatory
venue regarding real property.

II. Analysis


 In the instant case, the trial court signed an order on October 21, 2008, transferring
venue to Bexar County. After a trial court grants a motion to transfer venue, it retains
plenary jurisdiction over the case for thirty days. In re Sw. Bell Tel. Co., 35 S.W.3d 602,
605 (Tex. 2000) (per curiam) (orig. proceeding). Accordingly, the trial court's plenary
jurisdiction expired on November 20, 2008.

 On December 8, Zamora sought to invoke the trial court's otherwise-expired plenary
power by filing a motion under rule 306a of the Texas Rules of Civil Procedure. Rule 306a
provides:

 If within twenty days after the judgment or other appealable order is signed,
a party adversely affected by it or his attorney has neither received . . .
notice. . . nor acquired actual knowledge of the order, then with respect to
that party [the period of the trial court's plenary power and the time for filing
certain post-judgment motions] shall begin on the date that such party or his
attorney received such notice or acquired actual knowledge of the signing,
whichever occurred first, but in no event shall such periods begin more than
ninety days after the original judgment or other appealable order was signed.


Tex. R. Civ. P. 306a(4); see also Mem'l Hosp. of Galveston Cty. v. Gillis, 741 S.W.2d 364,
365 (Tex. 1987). According to Zamora's motion, which is supported by the affidavits of
counsel and Dr. Jorge C. Zamora Quezada, Zamora first received notice and actual
knowledge of the trial court's order transferring venue on November 14, 2008. 

 On December 11, 2008, the trial court heard the motion for reconsideration and
granted Zamora's rule 306a motion, finding that Zamora received notice of the order
transferring venue on November 14, 2008. That same day, the trial court granted
Zamora's motion to reconsider and vacated its order transferring venue.

 Absent an extension of post-judgment deadlines under rule 306a, the trial court's
power to entertain Zamora's motions expired on November 20, thirty days after it signed
the transfer order. See Sw. Bell Tel. Co., 35 S.W.3d at 605. However, rule 306a allows
for extensions of post-judgment deadlines when a party first receives notice of a judgment
more than twenty, but less than ninety-one, days after it is signed. See Tex. R. Civ. P.
306a(4). Zamora's motion and affidavits fell within the parameters of this rule. See id.
(allowing plenary power to be extended under certain circumstances if party adversely
affected by a judgment "or other appealable order" did not timely receive notice thereof). 
 While relator contends that he was not served with the rule 306a motion and the trial
court failed to hold an evidentiary hearing thereon, relator failed to so inform the trial court
during the hearing on the motion for reconsideration. Relator did not object to the 306a
proceedings during the hearing, failed to file any post-hearing motion objecting to the trial
court's consideration of the 306a motion, and did not otherwise draw the trial court's
attention to the alleged deficit. Cf. In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999, orig.
proceeding) (holding that mandamus is not available to compel an action that has not first
been demanded and refused). 

 Under these circumstances, when the trial court was presented with prima facie
proof that Zamora failed to receive the requisite notice of its transfer order, we cannot
conclude that the trial court's abuse of discretion, if any, in failing to provide notice of an
evidentiary hearing on the 306a motion, resulted in a void order. See, e.g., Cantu v.
Longoria, 878 S.W.2d 131, 132 (Tex. 1994) (stating that appellate court may remand for
rule 306a hearing); Womack-Humphreys Architects v. Barrasso, 886 S.W.2d 809, 816 n.9
(Tex. App.-Dallas 1994, writ denied), overruled on other grounds, John v. Marshall Health
Servs., 58 S.W.3d 738, 741 (Tex. 2001) (providing that trial court must accept rule 306a
movant's affidavits as true if the trial court fails to hold a hearing on the 306a motion). 
Accordingly, the trial court's plenary power was extended and the trial court had jurisdiction
to reconsider and retract its order transferring venue. See, e.g., In re Lynd Co., 195
S.W.3d 682, 683 (Tex. 2006) (orig. proceeding).

 Through this original proceeding, relator also contends that the trial court abused
its discretion by failing to transfer the case to San Antonio under a mandatory venue
provision. The mandatory venue provision at issue herein, section 15.011 of the civil
practice and remedies code, provides that:

 Actions for recovery of real property or an estate or interest in real property,
for partition of real property, to remove encumbrances from the title to real
property, for recovery of damages to real property, or to quiet title to real
property shall be brought in the county in which all or a part of the property
is located.


Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (Vernon 2002). However, this section applies
to cases for recovering real property or quieting title or seeking damages for such loss, and
the instant case concerns no such causes of action. See Allison v. Fire Ins. Exch., 98
S.W.3d 227, 241-44 (Tex. App.-Austin 2002, pet. granted, judgm't vacated w.r.m.); see
also Graybar Elec. Co. v. Gonzalez (In re Graybar Elec. Co.), Nos. 13-08-00073-CV,
13-08-00294-CV, 13-08-00333-CV, & 13-08-00341-CV, 2008 Tex. App. LEXIS 6868, at
*53-54 (Tex. App.-Corpus Christi Aug. 26, 2008, no pet.) (mem. op.). Thus, the trial court
did not abuse its discretion in failing to transfer venue. 

III. Conclusion


 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relator has not shown himself entitled to
the relief sought. Accordingly, the emergency motion for stay, which was previously carried
with the case, is DENIED. The petition for writ of mandamus is DENIED. See Tex. R. App.
P. 52.8(a). 


 PER CURIAM



Memorandum Opinion delivered and 

filed this 10th day of February, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).