

NUMBER 13-09-00022-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE GENE ASHLEY D/B/A ROOFTEC

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam[1]

Relator, Gene Ashley d/b/a Rooftec, filed a petition for writ of mandamus in the above cause on January 12, 2009, seeking to compel the trial court to vacate its order granting reconsideration of a previous order transferring venue. On January 15, 2009, the Court entered an order requesting a response to be filed by the real parties in interest, J & M Zamora Family, LP, and Dr. Jorge C. Zamora Quezada (collectively "Zamora"), and such response was duly filed. *See* TEX. R. APP. P. 52.4. We deny the petition for writ of mandamus for the reasons stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. Background

The underlying litigation arose over the construction of a medical surgical center in San Antonio. Zamora sued relator, among other designers and builders of the center, in Hidalgo County for breach of contract, fraud, and other causes of action. Relator filed a motion to transfer venue, and the trial court transferred venue to Bexar County. Zamora filed a motion for reconsideration and a rule 306a motion contending that they did not receive notice of the trial court's order transferring venue. *See generally* TEX. R. CIV. P. 306a. The trial court granted the 306a motion, granted the motion for reconsideration, and vacated its order transferring venue.

Relator filed a petition for writ of mandamus complaining that the trial court lacked jurisdiction to reconsider its order transferring venue because the order granting reconsideration and vacating the transfer order was issued more than thirty days after the trial court originally transferred venue. In his petition, relator raises issues relating to the trial court's plenary jurisdiction after it transfers venue, the effect of post-judgment motions on orders transferring venue, the application of rule 306a to venue orders, the procedural ramifications of the rule 306a requirements, and substantively, whether the trial court abused its discretion in not transferring the case to San Antonio based on mandatory venue regarding real property.

## II. Analysis

In the instant case, the trial court signed an order on October 21, 2008, transferring venue to Bexar County. After a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding). Accordingly, the trial court's plenary jurisdiction expired on November 20, 2008.

2

On December 8, Zamora sought to invoke the trial court's otherwise-expired plenary power by filing a motion under rule 306a of the Texas Rules of Civil Procedure. Rule 306a provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received . . . notice. . . nor acquired actual knowledge of the order, then with respect to that party [the period of the trial court's plenary power and the time for filing certain post-judgment motions] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4); *see also Mem'l Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987). According to Zamora's motion, which is supported by the affidavits of counsel and Dr. Jorge C. Zamora Quezada, Zamora first received notice and actual knowledge of the trial court's order transferring venue on November 14, 2008.

On December 11, 2008, the trial court heard the motion for reconsideration and granted Zamora's rule 306a motion, finding that Zamora received notice of the order transferring venue on November 14, 2008. That same day, the trial court granted Zamora's motion to reconsider and vacated its order transferring venue.

Absent an extension of post-judgment deadlines under rule 306a, the trial court's power to entertain Zamora's motions expired on November 20, thirty days after it signed the transfer order. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605. However, rule 306a allows for extensions of post-judgment deadlines when a party first receives notice of a judgment more than twenty, but less than ninety-one, days after it is signed. *See* TEX. R. CIV. P. 306a(4). Zamora's motion and affidavits fell within the parameters of this rule. *See id.* (allowing plenary power to be extended under certain circumstances if party adversely affected by a judgment "or other appealable order" did not timely receive notice thereof).

While relator contends that he was not served with the rule 306a motion and the trial

3

court failed to hold an evidentiary hearing thereon, relator failed to so inform the trial court during the hearing on the motion for reconsideration. Relator did not object to the 306a proceedings during the hearing, failed to file any post-hearing motion objecting to the trial court's consideration of the 306a motion, and did not otherwise draw the trial court's attention to the alleged deficit. *Cf. In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999, orig. proceeding) (holding that mandamus is not available to compel an action that has not first been demanded and refused).

Under these circumstances, when the trial court was presented with prima facie proof that Zamora failed to receive the requisite notice of its transfer order, we cannot conclude that the trial court's abuse of discretion, if any, in failing to provide notice of an evidentiary hearing on the 306a motion, resulted in a void order. *See, e.g., Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (stating that appellate court may remand for rule 306a hearing); *Womack-Humphreys Architects v. Barrasso*, 886 S.W.2d 809, 816 n.9 (Tex. App.–Dallas 1994, writ denied), *overruled on other grounds, John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001) (providing that trial court must accept rule 306a movant's affidavits as true if the trial court fails to hold a hearing on the 306a motion). Accordingly, the trial court's plenary power was extended and the trial court had jurisdiction to reconsider and retract its order transferring venue. *See, e.g., In re Lynd Co.*, 195 S.W.3d 682, 683 (Tex. 2006) (orig. proceeding).

Through this original proceeding, relator also contends that the trial court abused its discretion by failing to transfer the case to San Antonio under a mandatory venue provision. The mandatory venue provision at issue herein, section 15.011 of the civil practice and remedies code, provides that:

> Actions for recovery of real property or an estate or interest in real property,
> for partition of real property, to remove encumbrances from the title to real

4

property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon 2002). However, this section applies to cases for recovering real property or quieting title or seeking damages for such loss, and the instant case concerns no such causes of action. *See Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 241-44 (Tex. App.–Austin 2002, pet. granted, judgm't vacated w.r.m.); *see also Graybar Elec. Co. v. Gonzalez (In re Graybar Elec. Co.)*, Nos. 13-08-00073-CV, 13-08-00294-CV, 13-08-00333-CV, & 13-08-00341-CV, 2008 Tex. App. LEXIS 6868, at *53-54 (Tex. App.–Corpus Christi Aug. 26, 2008, no pet.) (mem. op.). Thus, the trial court did not abuse its discretion in failing to transfer venue.

## III. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the emergency motion for stay, which was previously carried with the case, is DENIED. The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and
filed this 10th day of February, 2009.

5