Rolando MONTALVO, Appellant,

v.

RIO NATIONAL BANK, et al., Appellees.

No. 13–94–304–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1994.

Margil Sanchez, Jr., Rio Grande City, for appellant.

Raymond A. Cowley, Jarvis & Kittleman, McAllen, David H. Jones, Edinburg, for appellees.

## OPINION

PER CURIAM.

Appellant, Rolando Montalvo, seeks to appeal from a summary judgment rendered in favor of appellees, Rio National Bank, Homer L. Tumlinson, and Dan Newey. Appellees have filed a motion to dismiss the appeal for lack of jurisdiction and for costs. We dismiss the appeal for lack of jurisdiction and grant appellees' motion for costs.

The trial court signed the final summary judgment on January 24, 1994. Pursuant to Texas Rule of Civil Procedure 329b, a motion for new trial was due to be filed on or before February 23, 1994. The motion for new trial was not filed until March 16, 1994. The cost bond was filed May 26, 1994. This court received the transcript on July 12, 1994.

Upon inspection of the transcript, it appeared that the motion for new trial, cost bond, and transcript had not been filed timely as required by Texas Rule of Civil Procedure 329b, and Texas Rules of Appellate Procedure 41(a), and 54(a). Accordingly, this Court notified the parties by letter about these defects so that steps could be taken to cure the defects, if it could be done. The parties were further notified by letter that although the appellant had stated in his motion for new trial that he did not receive notice of the judgment until March 2, 1994, that it appeared to this Court that the trial court had not made a specific finding as to the date appellant received notice of the judgment or acquired actual knowledge of the signing of the judgment as required. *See* Tex.R.Civ.P. 306a(5) and Tex.R.App.P. 5(b)(5). Accordingly, the parties were in-

formed that if after the expiration of ten days from the date of receipt of the letter, these defects were not cured, the appeal would be dismissed.

In response to this Court's letter, appellant filed a copy of a statement of facts from a hearing held by the trial court on May 2, 1994, on its May 2, 1994 motion for leave to file affidavit and plaintiff's motion for new trial. Additionally, appellant filed a copy of an order by which the trial court set a hearing date of September 1, 1994, at 10:30 a.m. on appellant's motion for the court to make a finding of the date when plaintiff or his attorney received a notice of the summary judgment or acquired actual knowledge of the order granting defendants' motion for summary judgment. Appellees filed a motion to dismiss the appeal on August 2, 1994. By its motion asserting various arguments, appellees contend that the judgment became final on February 23, 1994, and because appellant did not timely perfect an appeal, this court has no jurisdiction over the case. Appellant has not responded to appellees' motion to dismiss.

## Jurisdiction

■ A trial court loses plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after judgment is signed. Tex.R.Civ.P. 329b(d).

■ If applicable, Rule 306a operates to extend the start of the Rule 329b timetable. *See* Tex.R.Civ.P. 306a(1), (4). Compliance with Rule 306a is a jurisdictional prerequisite. *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 813 (Tex.App.— Dallas 1994); *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding) (citing *Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987)). Unless a party establishes, in the manner prescribed by Rule 306a(5), on a sworn motion, that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires thirty days after entry of judgment. *Barrasso*, at 813; *Gillis*, 741 S.W.2d at 365.

Rule 306a places the burden to establish its applicability on the new-trial movant. *Barrasso,* at 813; *Carrera,* 847 S.W.2d at 342. To invoke Rule 306a, the movant must *prove* to the trial court, on *sworn* motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing of the judgment, and that this date was more than twenty days after the judgment was signed. Tex.R.Civ.P. 306a(5).

■ The purpose of the sworn motion is to establish a prima facie case of such lack of notice, thereby reinvoking the jurisdiction of the trial court for the limited purpose of conducting a hearing. *Barrasso,* at 814 (citing *Carrera,* 847 S.W.2d at 342). Swearing to the motion under Rule 306a establishes prima facie evidence of when the movant first acquired knowledge of a judgment adverse to him and, if the movant requests an evidentiary hearing on the motion, establishes his right to such a hearing. *Id.* Without a prima facie showing of the applicability of Rule 306a, the trial court's jurisdiction is not reinvoked. *Id.*

Upon further review of the record we note that appellant's second ground in its March 16th motion for new trial asserts the following:

Although it appears that the Order Granting Summary Judgment was signed on January 21, 1994,[1] the Plaintiff did not have actual knowledge of this until on or about March 2nd, 1994, when the undersigned attorney received a copy of the signed Order Granting the Motion for Summary Judgment from the District Clerk's Office of Hidalgo County, Texas, on February 28th, 1994. Copy of the signed Order Granting the Motion For Summary Judgment from the District Clerk's Office.

Appellant's motion for new trial was *unsworn.* Thus, appellant did not, on *sworn*

motion, show prima facieally to the trial court the date upon which he received notice or actual knowledge of the judgment. Additionally, in reviewing the record, we note that on May 2, 1994, appellant asked the trial court for leave to file a sworn affidavit to support its motion for new trial. The trial court held a hearing on May 2 and denied appellant leave to file the affidavit. At the hearing, the court determined that its plenary power had expired and it no longer had jurisdiction over the case.

■ We realize that Rule 306a does not expressly set a time limit for either a party to file a 306a motion or the trial court to hold a hearing. Tex.R.Civ.P. 306a(4), (5); *Barrasso,* at 815 (citing *Vineyard Bay Dev. Co. v. Vineyard On Lake Travis,* 864 S.W.2d 170, 172 (Tex.App.—Austin 1993, no writ)). However Rule 306a cannot be construed in a vacuum because the rule operates expressly to determine the beginning of the trial court's plenary power. Tex.R.Civ.P. 306a(1). Rule 329b establishes the length of time a movant has to file a motion for new trial and the length of the trial court's plenary power to rule on such motion. *See* Tex.R.Civ.P. 329b. Rule 306a must be construed together with rule 329b to implement the purpose for which both rules were enacted. We agree with the *Barrasso* court and hold that in order to reinvoke the trial court's plenary power under rule 306a, the movant must establish a prima facie case of jurisdiction within thirty days of the substituted date.[2] *Barrasso,* at 816. We agree with the *Barrasso* court that the intended purpose of the 306a(4), (5) provisions is to substitute one date for another as the beginning of the procedural timetables. *Id.* The substituted date must be (a) the earliest date on which the adversely affected party or his attorney (i) received notice or (ii) acquires actual knowledge and (b) that date must be more than twenty days but not more than ninety days after the judgment was signed. *Id.* Once the trial court's jurisdiction is reinvoked through a prima facie showing, the court is free to set its calendar within its

---

**1.** The record reflects the summary judgment was signed January 24, 1994.

**2.** We decline to follow the *Vineyard Bay* court as did the *Barrasso* court. *See Barrasso,* at 816 n. 8 at 6 n. 8.

discretion subject to the timetables in Rule 329b.

Appellant argued to the trial court that it complied with the provisions of appellate rule of procedure 5(b)(5) and our decision in *Corro v. Southwestern Bell Media, Inc.*, 784 S.W.2d 471, 474 (Tex.App.—Corpus Christi 1989, no writ), and that the appellate timetable should be extended.

The *Corro* appellant asserted in its motion for new trial that it did not receive timely notice nor acquire actual knowledge of the judgment until after thirty days had passed from the date the judgment was signed. The *Corro* motion for new trial was verified, however, the verification specifically excluded any reference to the paragraph in the motion relating to the required Rule 306a(5) or 5(b)(5) provisions. Thus, the *Corro* appellant did not on *sworn* motion prove to the trial court the date upon which he received notice of the judgment. *Corro*, 784 S.W.2d at 473. The case was dismissed for lack of jurisdiction.

Appellant also argues that *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402 (Tex.App.—Dallas 1989, no writ), provides authority for its proposition that even though appellant's motion for new trial is not sworn the appellate timetable is nevertheless, extended. However, after reviewing *Thermex*, we conclude that case is not applicable to the facts before us.

Though the motion for new trial in *Thermex* was not verified, the *Thermex* court held that the appellate timetable was extended because it concluded that since the trial court had held a hearing within thirty days of the asserted notice date and made a finding within thirty days of the asserted notice date the prima facie case was presented timely by evidence. *Thermex*, 766 S.W.2d at 406. The *Thermex* court concluded that to hold that the *Thermex* appellant could not achieve by live testimony what it ought to have done by affidavit would be to elevate form over substance. *Id.*

Under the facts in the case before us, the motion for new trial was not sworn, thus, the appellant has not reinvoked the jurisdiction of the trial court at a time beyond the expiration of the trial court's plenary power by showing a prima facie case that it received notice or knowledge of the summary judgment on March 2, 1994. Additionally, in this case, the trial court did not hold a hearing within thirty days of March 2, 1994, the asserted notice date, as under the facts in *Thermex*, but rather, a hearing occurred two months after appellant asserted that it received notice of the summary judgment. Therefore, without considering the validity of the *Thermex* analysis, we conclude that the *Thermex* decision is not applicable to the facts before us.[3]

Based upon the facts before us, we conclude that appellant would not have made its prima facie case until May 2, 1994, which was well beyond thirty days from March 2, 1994, the date appellant asserts notice or knowledge of the judgment. We conclude that the trial court did not err in determining that on May 2, 1994, its plenary power had expired. Absent a prima facie showing of late notice or knowledge the trial court's plenary power expired February 23, 1994. Appellant has not perfected an appeal timely. Having reviewed the parties' motions, arguments, and the record on file, this Court is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction and appellees' motion for costs is granted.

---

**3.** The propriety of the *Thermex* analysis under Supreme Court of Texas case authority was questioned in *Carrera v. Marsh*, 847 S.W.2d 337, 342–43 (Tex.App.—El Paso 1993, orig. proceeding).