**Constancia GONZALEZ, Appellant,**

v.

**Antonio SANCHEZ, Appellee.**

No. 08–96–00151–CC.

Court of Appeals of Texas,
El Paso.

July 11, 1996.

Charles James Young, Austin, for Appellant.

Carlos Carrasco, El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

PER CURIAM.

Appellant, Constancia Gonzalez, appeals a default judgment entered in favor of appellee, Antonio Sanchez. Pending before the court is Gonzalez's motion to deem appeal timely perfected. The motion is denied and the appeal is dismissed for want of jurisdiction.

### PROCEDURAL FACTS

Sanchez brought a negligence action against Gonzalez to recover compensatory and punitive damages in connection with injuries received in an automobile accident. The trial court entered a default judgment against Gonzalez on November 16, 1995 in the sum of $80,000. On January 30, 1996, Gonzalez filed an unsworn motion to set aside the default judgment and grant a new trial. In that unsworn motion, she alleged that she did not receive notice of the default judgment until "sometime after January 4, 1996." [1]

---

1. Gonzalez did not file an affidavit in support of her motion to set aside the default judgment until

April 12, 1996.

When the parties appeared at a March 21 hearing on that motion and learned that it was to be held before a visiting judge, appellee objected to the visiting judge pursuant to Tex.Gov't Code Ann. § 74.053(b)(Vernon Supp.1996). After stating that he could possibly find another visiting judge to hear the motion, the judge then stated the following:

> And that by agreement, counsel are agreeing that the motion was timely filed, based on the notice that was given to the defendant, and that this date would be timely, as far as hearing the motion for new trial to set aside the judgment; and that as to a reset, if it was before April 15th, it would be timely for the judge to consider the motion for new trial. Is that correct?[2]
>
> MR. MOORE [Counsel for appellant]: That's correct, Your Honor.
>
> THE COURT: Is that correct for the plaintiff?
>
> MR. CARRASCO: Yes, it is correct.
>
> THE COURT: And by agreement, then, this matter is being passed at this time and will be reset. . . .

For reasons not clear in the record, no hearing was ever held on the motion to set aside default judgment. Gonzalez filed a cash deposit in lieu of bond on April 17, 1996. *See* Tex.R.App.P. 40(a)(1), 48.

On May 1, 1996, the clerk of this court notified counsel for appellant that it appeared that the appeal had not been timely perfected. In response to the court's inquiry, Gonzalez filed the motion that is the subject of this opinion. Gonzalez relies upon Tex.R.Civ.P. 306a(4) and (5) as well as the agreement of the parties to establish that she timely filed her motion for new trial. She also asserts that because the parties agreed

that the motion for new trial would not be overruled by operation of law until April 15, 1996, she timely perfected appeal on April 17. On the other hand, Sanchez claims that he did not enter into "any agreement on any jurisdictional issue, dates and/or deadlines. . . ."[3] He further challenges any findings by the visiting judge in this regard because they were made after Sanchez entered his objection to the visiting judge.

### *DISCUSSION*

 A trial court loses plenary jurisdiction to grant a new trial thirty days after signing a judgment. Tex.R.Civ.P. 329b(d); *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983); *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 812 (Tex.App.—Dallas 1994, writ denied); *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding). After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment unless it lacked subject matter jurisdiction to render judgment in the first place. *Middleton v. Murff*, 689 S.W.2d 212, 213–14 (Tex.1985); *Barrasso*, 886 S.W.2d at 812–13; *Carrera*, 847 S.W.2d at 342.

 If applicable, however, Rule 306a operates to extend the start of the Rule 329b timetable. *Barrasso*, 886 S.W.2d at 813; Tex.R.Civ.P. 306a(1), (4). Compliance with the provisions of Rule 306a(5) is a jurisdictional prerequisite. *Barrasso*, 886 S.W.2d at 813; *Carrera*, 847 S.W.2d at 342, *citing Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987). Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's plenary power to

---

**2.** The agreement is susceptible to two interpretations. Since the judge first stated that the parties agreed that the motion for new trial was timely filed based on the notice given to Gonzalez, it appears that the parties agreed that the date of notice was January 4, 1996 since that is the only date alleged in the motion. On the other hand, the trial court also stated that the parties agreed that the motion for new trial would not be overruled by operation of law until April 15. A motion for new trial is overruled by operation of law seventy-five days after the judgment is signed, or in the case where Rule 306a(4)

is applicable, seventy-five days after the date of notice. Tex.R.Civ.P. 329b(c), 306a(1), (4). In order for the motion to be overruled by operation of law on April 15, the agreed date of notice would have to be January 30, which is the date Gonzalez filed her motion.

**3.** Given the visiting judge's recitation of the agreement and the response of Sanchez's counsel, we find Sanchez's claim that he did not enter into any agreement puzzling.

grant a new trial or to vacate, modify, correct, or reform a judgment expires thirty days after entry of judgment. *Carrera*, 847 S.W.2d at 342, *citing Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979).

Rule 306a places the burden to establish its applicability on the new-trial movant. *Barrasso*, 886 S.W.2d at 813; *Montalvo v. Rio National Bank*, 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ); *Carrera*, 847 S.W.2d at 342. To invoke Rule 306a, the movant must prove in the trial court, on sworn motion and notice, (a) the first date that either he or his attorney received the clerk's notice of judgment or acquired actual knowledge of the signed judgment and (b) that such date was more than twenty days but not more than ninety days after the judgment was signed. TEX.R.CIV.P. 306a(5); *Barrasso*, 886 S.W.2d at 813; *Carrera*, 847 S.W.2d at 342. The purpose of the sworn motion is to establish a *prima facie* case of such lack of notice, thereby reinvoking the jurisdiction of the trial court for the limited purpose of conducting a hearing. *Barrasso*, 886 S.W.2d at 814; *Montalvo*, 885 S.W.2d at 237; *Carrera*, 847 S.W.2d at 342. Without a *prima facie* showing of the applicability of Rule 306a, the trial court's jurisdiction is not reinvoked and the court is without jurisdiction to conduct a hearing pursuant to Rule 306a(5). *Barrasso*, 886 S.W.2d at 814; *Montalvo*, 885 S.W.2d at 237; *Carrera*, 847 S.W.2d at 342.

Rule 306a does not expressly set a time limit for either a party to file a 306a motion or the trial court to hold a hearing. TEX.R.CIV.P. 306a(4), (5); *Barrasso*, 886 S.W.2d at 815; *Montalvo*, 885 S.W.2d at 237. Nevertheless, the Dallas and Corpus Christi Courts of Appeals, after conducting a thorough analysis of Rules 306a and 329b, have held that the intended purpose of the provisions of Rule 306a(4) and (5) is to substitute one date (the date of notice or actual knowledge of the judgment) for another (the date of signing) as the beginning of the procedural timetables. *Barrasso*, 886 S.W.2d at 816; *Montalvo*, 885 S.W.2d at 237. While Rule 306a establishes the beginning of the time period for filing a motion for new trial, Rule 329b establishes the length of time a movant

has to file a motion for new trial and the length of the trial court's plenary power to rule on such motion. *See* TEX.R.CIV.P. 329b. Accordingly, these courts hold that in order to reinvoke the trial court's plenary jurisdiction under Rule 306a, the movant must establish a *prima facie* case of jurisdiction within thirty days of the substituted date. *Barrasso*, 886 S.W.2d at 815; *Montalvo*, 885 S.W.2d at 237. Finding the reasoning in these cases persuasive, we follow it in deciding the issues presented here.

As stated above, the trial court entered a default judgment against Gonzalez on November 16, 1995. In the absence of a timely motion for new trial, the trial court lost plenary jurisdiction on December 18, 1995. TEX.R.CIV.P. 329b(a). In Gonzalez's unsworn motion to set aside default judgment filed on January 30, she alleged that she had not received notice of the default judgment until sometime after January 4, 1996. She did not obtain a hearing on her unsworn motion until March 21. Nevertheless, Gonzalez asserts that the agreement of the parties announced in open court on March 21 served to extend the time in which to file the motion for new trial as well as the time period before the motion would be overruled by operation of law. We cannot agree for several reasons.

First, we reject the notion that the parties, by their March 21 agreement alone, could confer jurisdiction on the trial court even though the court's plenary jurisdiction had expired on December 18, 1995. It is well established that jurisdiction, being a fundamental stricture on the power of the court, cannot be conferred by agreement or waiver where none exists. *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726 (1941); *Walls Regional Hosp. v. Altaras*, 903 S.W.2d 36, 40–41 (Tex. App.—Waco 1994, no writ); *Hughes v. Black*, 863 S.W.2d 559, 562 (Tex.App.—Waco 1993, no writ); *NCF, Inc. v. Harless*, 846 S.W.2d 79, 82 (Tex.App.—Dallas 1992, no writ); *Wadsworth Business Center–Willowbrook Ltd. Partnership v. Connell*, 775 S.W.2d 663, 669 (Tex.App.—Dallas 1989, writ denied). Therefore, the parties could not, by agreement alone, extend the time in which to file the motion for new trial or the time period before that motion would be overruled by

operation of law. Gonzalez must have first complied with Rule 306a(4) and (5) before we would be required to consider the validity of any agreement.

 Turning our attention to the requirements of Rule 306a(4) and (5), the record reflects that Gonzalez's motion was unsworn and she did not attach an affidavit in support of the motion until long after the March 21 hearing, i.e., April 12. For this reason alone, she failed to make a *prima facie* showing of the applicability of Rule 306a(4). *See Carrera*, 847 S.W.2d at 343. Further, her motion does not establish the first date that either she or her attorney received the clerk's notice or acquired actual knowledge of the signed judgment. The unsworn motion alleges only that she received "actual notice of the default judgment until sometime after January 4, 1996." Consequently, Gonzalez failed to establish a *prima facie* case because she did not prove the specific date on which she or her attorney first received notice. *See Barrasso*, 886 S.W.2d at 814–15. Additionally, Gonzalez did not establish a *prima facie* case of jurisdiction within thirty days of the substituted date. Even if we assume, given the terms of the agreement, that the substituted date is January 4, January 30, or sometime in between, Gonzalez never established a *prima facie* case within thirty days of any of those dates since she did not file her affidavit until April 12. *See Barrasso*, 886 S.W.2d at 815; *Montalvo*, 885 S.W.2d at 237.

### CONCLUSION

Because Gonzalez failed to establish the applicability of Rule 306a(4), she did not invoke the jurisdiction of the trial court to conduct the March 21 hearing. It follows that any agreement entered into by the parties regarding the Rule 306a(4) motion and its timeliness is invalid and the visiting judge lacked authority to announce the agreement at the March 21 hearing.[4] Since Gonzalez's motion for new trial was not timely filed, the time for perfecting appeal was December 18, 1995. *See* Tex.R.App.P. 41(a)(1). The cash deposit made by Gonzalez on April 17, 1996

is untimely. Accordingly, this appeal is dismissed for want of jurisdiction.

---

4. In light of this holding, we need not address Sanchez's argument that once he lodged his objection to the visiting judge, the judge could not announce the agreement on the record.