TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00432-CV






Bettie Buchanan, Independent Administratrix of the Estate of Johnnie Barton, Deceased;

Barbara Lane Jefferson; Julia Lane Goodwin; and Bettie Barton Buchanan, Appellants


v.



Robert Barton and Mary Henley, Co-Independent Executors of the Estate of W. A.


Barton, Deceased; Robert Barton, Individually; and Dale Olson, Appellees






FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY


NO. 90-1497-CCL, HONORABLE M. BENTON ESKEW, JUDGE PRESIDING 






PER CURIAM


 Appellants, Bettie Buchanan, independent administratrix of the estate of Johnnie Barton;
Barbara Lane Jefferson; Julia Lane Goodwin; and Bettie Barton Buchanan, appeal the trial court's
judgment dismissing their cause. Appellants disputed with appellees, Robert Barton and Mary Henley, co-independent executors of the estate of W. A. Barton, and Robert Barton, individually, the location of the
line dividing two tracts of land. Appellants sued Barton and Henley in 1990 to establish their rights to the
portion of land they claimed. Barton and Henley in turn sued appellee Dale Olson, whose survey
determined the boundary on which they relied. On April 30, 1996, the trial court signed a judgment
dismissing appellants' cause for want of prosecution.

 In their first reply point of error, appellees Barton and Henley contend that the appeal is
untimely. For the reasons discussed below, we agree.

 On June 19, 1996, fifty days after the trial court signed its judgment of dismissal, attorney
Dewitt Hale moved on behalf of Buchanan to reinstate the cause. Hale asserted in the motion that he first
received notice of the April 30 judgment on June 13 and that Rule 306a conferred jurisdiction on the court
to reinstate the cause. See Tex. R. Civ. P. 306a. The trial court held a hearing and, on June 26, 1996,
signed an order denying reinstatement; in its order, the court found that Rule 306a applied to preserve
Buchanan's opportunity to show good cause to reinstate.

 The date the trial court signs a judgment ordinarily activates both the appellate timetable
and the court's plenary power over its judgment. See Rule 306a(1), 329b(d), (e). In the usual case, a
party must move to reinstate a cause within thirty days after the judgment is signed. Rule 165a(3). If no
motion to reinstate is filed, the trial court loses the power to reinstate thirty days after signing the judgment. 
Rule 329b(d). Rule of Civil Procedure 306a provides an exception to the start of the procedural timetables
when a party receives notice of the judgment more than twenty, but less than ninety, days after it was
signed. Rule 306a(4). Rule of Appellate Procedure 5(b) provides an essentially parallel exception. See
Tex. R. App. P. 5(b)(4). To benefit from the exception, the party must prove in the trial court, on sworn
motion and notice, the date she or her attorney first received notice or acquired actual knowledge of the
signing. Tex. R. Civ. P. 306a(5); Tex. R. App. P. 5(b)(5). If evidence at the hearing on the motion
establishes the date of notice, the appellate timetable and the court's plenary power start from that date
rather than the date the judgment was signed. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 5(b)(4); Carrera
v. Marsh, 847 S.W.2d 337, 342 (Tex. App.-- El Paso 1993, orig. proceeding).

 Complying with the provisions of Rules 306a and 5 is a jurisdictional prerequisite. In re
Simpson, 932 S.W.2d 674, 677 (Tex. App.--Amarillo 1996, no writ). The movant bears the burden to
establish the applicability of the exception in the manner prescribed. If she does not, the trial court lacks
jurisdiction to determine the date of notice and any order doing so is void. Id. See Memorial Hosp. v.
Gillis, 741 S.W.2d 364, 365-66 (Tex. 1987). 

 The sworn motion serves the purpose of establishing a prima facie case of lack of timely
notice, thereby reinvoking the trial court's jurisdiction for the limited purpose of holding a hearing to
determine the date of notice. Carrera, 847 S.W.2d at 342. We first consider whether Hale's motion
reinvoked the trial court's jurisdiction to hear evidence to determine the date of notice. Hale avers in his
motion to reinstate that the district clerk sent a copy of the judgment to Buchanan's prior attorney, Walter
Jefferson, on June 11. Jefferson faxed a copy to Hale on June 13. Hale states that he first received notice
or acquired actual knowledge that the judgment was signed on June 13. 

 The exception in Rules 306a and 5 requires that neither the party nor her attorney receive
notice within twenty days after the judgment was signed. Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P.
5(b)(4), (5). Hale, in his motion to reinstate, addresses only his own receipt of notice; he does not say
when Buchanan first received notice. By failing to negate the possibility that Buchanan received notice of
the judgment within twenty days, the motion did not present a prima facie case of lack of timely notice and
did not reinvoke the court's jurisdiction to hold a hearing. City of Laredo v. Schuble, 943 S.W.2d 124,
126 (Tex. App.--San Antonio 1997, orig. proceeding); Simpson, 932 S.W.2d at 678. The court's order,
which contains the finding that Rule 306a applies, is therefore void.

 On receiving the appellate transcript in this cause, the Clerk of this Court noted the lack
of a finding of the date of notice and asked appellants to cure the defect. All appellants responded by
moving the trial court on August 19, 1996, to find that they and Hale first acquired notice of the judgment
on June 13. On August 30, the trial court held a hearing and signed an order in which it found that
Buchanan and Hale first acquired actual knowledge or notice of the judgment on June 13. The question
raised is whether appellants timely moved the trial court to determine the date of notice.

 Neither Rule 306a nor Rule 5 states a time within which a party must file a motion asserting
late notice of judgment. Several courts of appeals have held that a party must file such a motion within
thirty days of acquiring notice. See Gonzalez v. Sanchez, 927 S.W.2d 218, 221 (Tex. App.--El Paso
1996, no writ); Montalvo v. Rio Nat'l Bank, 885 S.W.2d 235, 237 (Tex. App.--Corpus Christi 1994,
no writ); Womack-Humphreys Architects, Inc. v. Barrasso, 886 S.W.2d 809, 816 (Tex. App.--Dallas
1994, writ denied). These courts read Rules 306a and 329b together, reasoning that Rule 306a determines
the beginning of the procedural timetables, while Rule 329b determines their length. Gonzalez, 927
S.W.2d at 221; Montalvo, 885 S.W.2d at 237; Barrasso, 886 S.W.2d at 815-16. See Tex. R. Civ. P.
329b.

 In Vineyard Bay Development Co. v. Vineyard on Lake Travis, this Court concluded
that a party can file a motion asserting late notice of judgment more than thirty days after receiving notice. 
864 S.W.2d 170, 172 (Tex. App.--Austin 1993, writ denied). In Vineyard Bay, however, the motion
was filed during the trial court's plenary power, counted from the date of notice, which had been extended
by a motion for new trial. See id. at 172 & n.1. In the case before us, appellants moved the trial court to
find the date of notice on August 19, sixty-seven days after the asserted date of notice. The motion to
reinstate, filed six days after the asserted date of notice and overruled on June 26, would have extended
the court's plenary power for thirty days beyond June 26, or until July 26. Tex. R. Civ. P. 165a(3). The
appellants thus filed their August 19 motion outside the court's plenary power, counted from the asserted
date of notice. We determine that appellants filed their motion to determine the date of notice too late to
invoke the court's jurisdiction to hold a hearing to find the date of notice. See Conaway v. Lopez, 843
S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ) (party who failed to obtain finding of date of
notice within trial court's plenary power, as extended by motion for new trial, was not entitled to substituted
date of judgment). We agree with the Gonzalez, Montalvo, and Barrasso courts to the extent that Rules
306a and 329b should be read together, Rule 306a setting the beginning of the court's plenary power and
Rule 329b determining its length. A party who seeks to benefit from a substituted date of judgment should
not also enjoy an enlarged post-judgment period in which to assert the benefit.

 We conclude that appellants failed to invoke the trial court's jurisdiction to find the date
they received notice of the judgment. Because we must consider April 30, 1996, as the beginning of the
time to perfect an appeal, appellants' cash deposit, made on July 12, came too late. See Tex. R. App. P.
41(a)(1). We therefore sustain reply point one. Having sustained this point, we need not address the
parties' remaining points of error.

 We dismiss the appeal for want of jurisdiction.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: August 14, 1997

Do Not Publish



red actual knowledge that the judgment was signed on June 13. 

 The exception in Rules 306a and 5 requires that neither the party nor her attorney receive
notice within twenty days after the judgment was signed. Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P.
5(b)(4), (5). Hale, in his motion to reinstate, addresses only his own receipt of notice; he does not say
when Buchanan first received notice. By failing to negate the possibility that Buchanan received notice of
the judgment within twenty days, the motion did not present a prima facie case of lack of timely notice and
did not reinvoke the court's jurisdiction to hold a hearing. City of Laredo v. Schuble, 943 S.W.2d 124,
126 (Tex. App.--San Antonio 1997, orig. proceeding); Simpson, 932 S.W.2d at 678. The court's order,
which contains the finding that Rule 306a applies, is therefore void.

 On receiving the appellate transcript in this cause, the Clerk of this Court noted the lack
of a finding of the date of notice and asked appellants to cure the defect. All appellants responded by
moving the trial court on August 19, 1996, to find that they and Hale first acquired notice of the judgment
on June 13. On August 30, the trial court held a hearing and signed an order in which it found that
Buchanan and Hale first acquired actual knowledge or notice of the judgment on June 13. The question
raised is whether appellants timely moved the trial court to determine the date of notice.

 Neither Rule 306a nor Rule 5 states a time within which a party must file a motion asserting
late notice of judgment. Several courts of appeals have held that a party must file such a motion within
thirty days of acquiring notice. See Gonzalez v. Sanchez, 927 S.W.2d 218, 221 (Tex. App.--El Paso
1996, no writ); Montalvo v. Rio Nat'l Bank, 885 S.W.2d 235, 237 (Tex. App.--Corpus Christi 1994,
no writ); Womack-Humphreys Architects, Inc. v. Barrasso, 886 S.W.2d 809, 816 (Tex. App.--Dallas
1994, writ denied). These courts read Rules 306a and 329b together, reasoning that Rule 306a determines
the beginning of the procedural timetables, while Rule 329b determines their length. Gonzalez, 927
S.W.2d at 221; Montalvo, 885 S.W.2d at 237; Barrasso, 886 S.W.2d at 815-16. See Tex. R. Civ. P.
329b.

 In Vineyard Bay Development Co. v. Vineyard on Lake Travis, this Court concluded
that a party can file a motion asserting late notice of judgment more than thirty days after receiving notice. 
864 S.W.2d 170, 172 (Tex. App.--Austin 1993, writ denied). In Vineyard Bay, however, the motion
was filed during the trial court's plenary power, counted from the date of notice, which had been extended
by a motion for new trial. See id. at 172 & n.1. In the case before us, appellants moved the trial court to
find the date of notice on August 19, sixty-seven days after the asserted date of notice. The motion to
reinstate, filed six days after the asserted date of notice and overruled on June 26, would have extended
the court's plenary power for thirty days beyond June 26, or until July 26. Tex. R. Civ. P. 165a(3). The
appellants thus filed their August 19 motion outside the court's plenary power, counted from the asserted
date of notice. We determine that appellants filed their motion to determine the date of notice too late to
invoke the court's jurisdiction to hold a hearing to find the date of notice. See Conaway v. Lopez, 843
S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ) (party who failed to obtain finding of date of
notice within trial court's plenary power, as extended by motion for new trial, was not entitled to substituted
date of judgment). We agree with the Gonzalez, Montalvo, and Barrasso courts to the extent that Rules
306a and 329b should be read together, Rule 306a setting the beginning of the court's plenary power and
Rule 329b determining its length. A party who seeks to benefit from a substituted date of judgment should
not also enjoy an enlarged post-judgment period in which to assert the benefit.

 We conclude that appellants faile