NUMBER 13-00-068-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MEDICAL ARTS CLINIC, P.A.
, Appellant,


v.



SOUTH TEXAS PROVIDER SERVICE, INC.
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 2


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Castillo, and Amidei(1)


Opinion by Justices Castillo



 A no-answer default judgment was entered against appellant
Medical Arts Clinic, P.A. on November 3, 1999. Notice of the
judgment was not sent out until twenty-seven days after the judgment
was signed. On December 16, 1999, forty-three days after the entry of
the default judgment, a motion for new trial was filed by appellant,
which was later heard and denied. On January 19, 2000, some
seventy-seven days after the original default, appellant filed a notice of
appeal. This Court informed appellant that its notice was not timely
and gave appellant ten days to correct the defective notice. Appellant
filed a "Motion For Leave to Correct Defect in Record and Proceed with
Appeal" in this Court. Appellant took no action in the trial court.

Texas Rule of Civil Procedure 306(a) Requirements

 The Texas Rules of Civil Procedure provide that the date a
judgment is signed as shown of record shall determine the periods for
the trial court's plenary power. Tex. R. Civ. P. 306a(1). The rules also
mandate the court clerk to send notice of the judgment to the parties or
their attorneys immediately. Tex. R. Civ. P. 306a(3). If a party has not
received notice of the signing of a judgment within twenty days of its
signing, nor had actual knowledge thereof, the relevant periods shall
begin on the date the party or his attorney received or acquired actual
notice, but in no event shall such period begin more than ninety days
after the date of the signing of the original judgment. Tex. R. Civ. P.
306a(4). In order to establish the application of paragraph four to a
particular case, the affected party must prove in the trial court, on
sworn motion and notice, the date on which notice or actual knowledge
of the judgment was received. Tex. R. Civ. P. 306a(5).

Texas Rule of Appellate Procedure 4.2 Requirements

 The Texas Rules of Appellate Procedure provide that where there
is no notice of an appealable order or judgment to a party within twenty
days after the judgment or order was signed, the time periods
applicable for appeal, which would include the deadline for filing notice
of appeal, shall begin on the date on which notice was received or
actual knowledge of the signing was acquired. Tex. R. App. P. 4.2(a). 
However, the application of this rule is not automatic. Subsections (b)
and (c) of this same rule specifically provide that in order to obtain the
additional time allowed by subsection (a): 1) the affected party must
comply with the procedure outlined in Tex. R. Civ. P. 306a(5); and 2) the
trial court, after hearing such motion, must sign a written order which
affirmatively finds the date of notice or actual knowledge. Tex. R. App.
P. 4.2(b) and (c). 

Discussion

 In the instant case, no motion under Tex. R. Civ. P. 306a(5) was
ever filed in the trial court. The trial court never made any affirmative
finding of the relevant date nor signed a written order stating the same
as required by Tex. R. App. P. 4.2(c). This Court has constantly held that
compliance with the dictates of Tex. R. Civ. P. 306a(5) are mandatory
before deadlines under Tex. R. Civ. P. 306a and the rules of appellate
procedure may be extended. Koch Gathering Systems v. Harms, 946
S.W.2d 453, 453 (Tex. App. -- Corpus Christi 1997, no pet.); Montalvo
v. Rio Nat'l Bank, 885 S.W.2d 235, 237 (Tex. App. -- Corpus Christi
1994, no pet.). As appellant has not complied with the dictates of Tex.
R. Civ. P. 306a(5) required by Tex. R. App. P. 4.2(b), the expansion of the
time limitations of Tex. R. App. P. 4.2(a) were never effectuated. 
Accordingly, appellant is bound by the time limits of Texas Rule of
Appellate Procedure 26. In order for this Court to have acquired
jurisdiction, appellant must either have filed a notice of appeal within
thirty days of the judgment or filed a notice of appeal within ninety days
of the judgment if a timely motion for new trial was filed. Tex. R. App.
P. 26.1. 

Conclusion

 Appellant's motion for new trial, filed forty-four days after
judgment, was untimely and did not extend the deadline for the filing
of its notice of appeal. Notice of appeal was then due thirty days after
the entry of judgment. Appellant's notice of appeal, filed seventy-seven
days after the entry of judgment, was therefore also untimely and thus
confers no jurisdiction on this Court. We deny appellant's "Motion for
Leave to Correct Defect in Record and Proceed with Appeal" and
dismiss this appeal for want of jurisdiction. 

 ERRLINDA CASTILLO

 Justice



Do not publish.

Tex. R. App. P. 47.3.

Opinion delivered and filed

this the 19th day of April, 2001.

 

1. Senior Justice Maurice Amidei assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).