Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 29,
2010.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00228-CV



In Re Shahin Jamea,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM OPINION


            In
this original proceeding we must determine whether certain orders the trial
court signed are void.  Relator, Shahin Jamea has filed a petition for writ of
mandamus    asking this court to compel the Honorable Randy Wilson, presiding
judge of the 157th District Court of Harris County, to set aside as void all
orders signed in the trial court after November 21, 2009, when the relator
claims the trial court’s plenary power expired. See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  We conditionally
grant the petition. 

Background

            Jamea,
the plaintiff in the trial court, brought suit against real parties in
interest, Trinity Universal Insurance Company (“Trinity Universal”), Security
National Insurance Company, and Trinity Universal Insurance Company of Kansas,
Inc. (hereinafter collectively, “Trinity”), defendants below, seeking a
declaratory judgment.   According to Jamea’s live pleading, Trinity forwarded
correspondence to him that “[b]y the terms of the indemnification agreement you
signed as a condition for our issuance of . . . [a] bond, we may pursue
personally through the court system for reimbursement of all amounts. . . .” 
Jamea claimed that he never signed an indemnification agreement, and that the
signature on the agreement was not his.  Jamea sought a declaratory judgment
that the signature on the indemnification agreement was not his, he was not a
party to the agreement, and he was not liable for any amounts under the
agreement.

            Trinity
Universal filed a counterclaim for breach of contract, alleging that the lawsuit
arose out of a “beverages and gross receipt” surety bond issued by Trinity Universal
to Isis Partners, LP, as principal and Jamea as guarantor.  Trinity Universal claimed
that Jamea signed the application for the bond and the indemnity agreement. 
Trinity Universal then issued the “beverages and gross receipts” surety bond
and the Texas Comptroller of Public Accounts subsequently made a demand on
Trinity Universal to pay $30,000 in unpaid taxes owed by Isis.  Trinity Universal
was obligated under the terms of the bond to pay, and paid, the $30,000 unpaid
balance.  Trinity Universal alleged that Jamea was required, per the agreement,
to repay the bond, but failed to do so.  Under the indemnity agreement Trinity
Universal claimed was signed by Jamea as a condition for the issuance of the
bond, Trinity Universal sought to recover the funds it paid to the State.  

            Jamea
filed his no-evidence motion for summary judgment on Trinity Universal’s breach-of-contract
claim on August 19, 2009.  The no-evidence summary judgment motion was set for
submission on September 14, 2009, at which time the trial court granted Jamea’s
no-evidence motion for summary judgment as follows:

            On September __, 2009, the Court considered Counter
Defendant Shahin Jamea’s No-Evidence Motion for Summary Judgment.  The
Court, after considering Counter-Plaintiff’s lack of response, finds that the
motion should, in all things, be GRANTED.  

            The Court ORDERS that Counter-Plaintiff take
nothing on its breach of contract claim against Counter-Defendant Shahin Jamea.

            On
October 16, 2009, relator filed the following notice of nonsuit:

            Plaintiff Shahin Jamea hereby gives notice to
this Court and to all parties to this suit that, in accordance with Rule 162,
he is taking a nonsuit without prejudice against all claims against all
Defendants.

The
trial court signed an order of nonsuit on October 22, 2009.  

            On
January 11, 2010, Trinity filed a motion for resubmission or rehearing on Jamea’s
no-evidence motion for summary judgment.  In its motion, Trinity argued that
its response to the no-evidence motion for summary judgment was mailed on
September 8, 2009, and therefore, was filed timely, but was not file­­-marked
by the court until September 15, 2009.[1] 
Trinity requested that the trial court rehear Jamea’s no-evidence motion for
summary judgment, consider Trinity’s response to the motion, and deny the
motion.  Trinity asserted, because the case was still active in the court’s
computer system and there was no final and appealable judgment in the court’s
record, the court still had plenary power to hear the matter.  Trinity’s motion
for rehearing was not sworn and did not make reference to Texas Rule of Civil
Procedure 306a, entitled “Periods to Run From Signing of Judgment”. 

            In
a phone conference with the parties’ counsel on January 12, 2010, the trial
court requested briefing regarding whether the court still had plenary power. 
Trinity filed its unsworn written response in a letter to the trial court on
January 19, 2010.  Trinity argued that, pursuant to Rule 306a, the trial court
had jurisdiction to grant relief.  The card mailed by the clerk regarding the
trial court’s October 22, 2009 order states, “BE ADVISED ON 10-22-10 THE
FOLLOWING ACTIVITY OCCURRED ORDER OF PARTIAL NONSUIT SIGNED AS TO THE FOLLOWING
PARTIES-JAMEA, SHAHIN.”  Trinity argued that the “partial nonsuit” language on
the postcard did not comply with the notice requirement of Rule 306a(3) because
notice is required for a “final judgment or other appealable order.”  See
Tex. R. Civ. P. 306a(3) (“When the final judgment or other appealable order is signed,
the clerk of the court shall immediately give notice to the parties or their
attorneys of record by first-class mail advising that the judgment or order was
signed.”).  Trinity did not argue that the postcard was required to state that the
judgment was final and appealable, but that a ”partial nonsuit” would indicate
some claims and/or parties still existed, and would lead to the conclusion that
there was no final or appealable judgment.  Therefore, Trinity argued, it never
had notice of a final or appealable judgment.  Trinity stated that on January
5, 2010, it obtained actual knowledge, that there was a signed order on January
5, 2010, when its counsel contacted Jamea’s attorney for a certificate of
conference on a motion for continuance of the January 18, 2010 trial date. 
Therefore, according to Trinity, January 20, 2010 was the ninety-day deadline
to timely file a motion pursuant to Rule 306a.  

            In
an order dated January 20, 2010, the trial court granted Trinity’s motion for
resubmission or rehearing, vacated the September 14, 2009 order granting the
no-evidence motion for summary judgment, ordered that the no-evidence motion
for summary judgment would be reconsidered in light of Trinity’s timely-filed
response, and set the no-evidence motion for summary judgment for
hearing/submission on February 19, 2010.  

            On
February 12, 2010, Jamea filed a motion to dismiss for lack of jurisdiction,
arguing that, while the order granting the no-evidence motion for summary
judgment was interlocutory when it was signed, it became final when Jamea
nonsuited all of his claims against all parties, and the trial court’s plenary
power expired thirty days after it granted the motion because no timely
post-judgment motion extending the court’s plenary power had been filed.  Jamea’s
motion to dismiss was also set for submission on February 19, 2010.  On that date,
the trial court denied Jamea’s no-evidence motion for summary judgment and
motion to dismiss.  Trinity also nonsuited its suit against Jamea.  

            On
March 12, 2010, Jamea filed a petition for writ of mandamus initiating this
original proceeding and asserting that all orders the trial court signed after
November 21, 2009, are void because the trial court’s plenary power had expired. 
Jamea asks this court to compel the trial court to vacate as void its (1)
January 20, 2010 order granting Trinity’s motion for resubmission or rehearing
and vacating the trial court’s September 14, 2009 summary judgment order, and
(2) February 19, 2010 order denying Jamea’s no-evidence motion for summary
judgment.  Jamea also requests that this court compel the trial court to
withdraw its order denying his motion to dismiss and grant the same.

Standard
of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and there is no adequate remedy
by appeal.  In re Gulf Exploration, LLC, 289 S.W.3d 836, 842 (Tex. 2009)
(orig. proceeding).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding).  When an order is void, the relator need not show
that he does not have an adequate appellate remedy, and mandamus relief is
appropriate.  In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000)
(orig. proceeding) (per curiam).  

Analysis

            Parties
have an absolute right to nonsuit their own claims for relief at any time
during the litigation until they have introduced all evidence other than
rebuttal evidence at trial.  Tex. R. Civ. P. 162; Villafani v. Trejo,
251 S.W.3d 466, 468–69 (Tex. 2008).  However, the right to nonsuit 

shall not prejudice the right of an adverse party to be
heard on a pending claim for affirmative relief or excuse the payment of all
costs taxed by the clerk.  A dismissal under this rule shall have no effect on
any motion for sanctions, attorney’s fees or other costs, pending at the time
of dismissal, as determined by the court. . . . 

Tex.
R. Civ. P. 162.  A claimant for affirmative relief must allege a cause of
action, independent of the plaintiff’s claim, on which the claimant could
recover compensation or relief, even if the plaintiff could recover
compensation or relief.  BHP Petroleum Co. v. Millard, 800 S.W.2d 838,
841 (Tex. 1990) (orig. proceeding).  Though the date on which the trial court
signs an order dismissing the suit is the “starting point for determining when
a trial court’s plenary power expires,” a nonsuit is effective when it is
filed.  In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding)
(per curiam).  

            Although
a nonsuit may have the effect of vitiating the trial court’s earlier
interlocutory orders, a nonsuit does not vitiate the trial court’s
previously-made decisions on the merits, such as a summary judgment or even a
partial summary judgment, which becomes final upon disposition of the other
issues in the case.  Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853,
854–55 (Tex. 1995) (per curiam).  Once a trial court announces a decision that
adjudicates a claim, that claim is no longer subject to the plaintiff’s right
to nonsuit.  Id. at 855.  

            At
the time Jamea filed his nonsuit, the trial court had granted his no-evidence
motion for summary judgment on Trinity’s contract claim—the only claim Trinity
had asserted against Jamea.  Therefore, no claim was pending against Jamea at
the time he filed his nonsuit.  Jamea’s “taking a nonsuit without prejudice
against all claims against all Defendants” was effective the moment it was
filed.  

            If
a court has dismissed all of the claims in a case but one, an order determining
the last claim is final.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200
(Tex. 2001).  When a judgment is interlocutory because unadjudicated parties or
claims remain before the court, and when a litigant moves to have such
unadjudicated claims or parties removed by severance, dismissal, or nonsuit,
the appellate timetable runs from the signing of a judgment or order disposing
of those claims or parties.  Farmer v. Ben E. Keith Co., 907 S.W.2d 495,
496 (Tex. 1995) (per curiam).  It is the order granting the nonsuit, not the
filing of the nonsuit, that triggers the appellate deadlines.  Harris County
Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st
Dist.] 1994, orig. proceeding).  “The trial court loses its plenary power 30
days after it signs the order granting the non-suit (if no motion for new trial
is filed), or 75 days after it signs the order (if a motion for new trial is
filed).”  Id.  

            The
trial court signed the order granting Jamea’s nonsuit on October 22, 2009,
making final the interlocutory summary judgment on Trinity’s breach-of-contract
claim.[2]
 The appellate timetables started to run upon the signing of the order of
nonsuit.  Therefore, in the absence of a timely-filed motion for new trial, the
trial court would lose its plenary power after November 21, 2009.  

            When
a final judgment or other appealable order is signed, the clerk of the court
shall immediately give notice to the parties or their attorneys by first-class
mail advising that the judgment or order was signed.  Tex. R. Civ. P. 306a(3). 
If within twenty days after the judgment or other appealable order is signed, a
party adversely affected by it or his attorney has neither received the notice
required by paragraph (3) of Rule 306a nor acquired actual knowledge of the
order, then with respect to that party, time periods for filing post-judgment
motions and the notice of appeal shall begin on the date the party received
such notice or acquired actual notice of the signing, whichever occurred first,
but in no event shall such periods begin more than ninety days after the
original judgment or appealable order was signed.  Tex. R. Civ. P. 306a(4).  In
order to take advantage of the extended time periods provided in paragraph (4)
of Rule 306a, the party adversely affected is required to prove in the trial
court, on sworn motion and notice, the date upon which the party or his
attorney first either received notice of the judgment or acquired actual
knowledge of its signing, and that this date was more than twenty days after
the date the judgment was signed.  Tex. R. Civ. P. 306a(5).  

            Rule
306a places the burden to establish its applicability on the movant.  City
of Laredo v. Schuble, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997,
orig. proceeding); In the Interest of Simpson, 932 S.W.2d 674, 677 (Tex.
App.—Amarillo 1996, no writ).  Compliance with the provisions of Rule 306a is a
jurisdictional prerequisite.  Mem’l Hosp. of Galveston County v. Gillis,
741 S.W.2d 364, 365 (Tex. 1987) (per curiam); In the Interest of Simpson,
932 S.W.2d at 677; Carrera v. Marsh, 847 S.W.2d 337, 342 (Tex. App.—El
Paso 1993, orig. proceeding).  Rule 306a(5), entitled “Motion, notice and hearing,”
requires that the party alleging late notice of a judgment file a sworn motion
with the trial court establishing the date the party or its counsel first
learned of the judgment.  Nathan A. Watson Co. v. Employers Mut. Cas. Co.,
218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.); Vineyard Bay Dev.
Co. v. Vineyard on Lake Travis, 864 S.W.2d 170, 171 (Tex. App.—Austin 1993,
writ denied).  Unless a party establishes, in the manner prescribed by Rule
306a(5), on sworn motion, that neither he nor his attorney had notice or
knowledge of the judgment within twenty days of the judgment date, the general
rules for expiration of the trial court’s plenary power apply.  Carrera,
847 S.W.2d at 342.  

            The
purpose of a sworn motion is to establish a prima facie case of such lack of
notice, thereby reinvoking the jurisdiction of the trial court for the limited
purpose of conducting a hearing to determine the date on which the party or its
counsel first received notice or acquired knowledge of the judgment.  Nathan
A. Watson Co., 218 S.W.3d at 800; In the Interest of Simpson, 932
S.W.2d at 677; Montalvo v. Rio Nat’l Bank, 885 S.W.2d 235, 237 (Tex.
App.—Corpus Christi 1994, no writ), disapproved on other grounds by John v.
Marshall Health Servs., Inc., 58 S.W.3d 738 (Tex. 2001) (per curiam); Carrera,
847 S.W.2d at 342.  Absent a prima facie showing of this lack of notice,
presented on sworn motion filed pursuant to Rule 306a(5), the trial court’s
plenary power is not reinvoked and the trial court is without jurisdiction to
conduct a hearing pursuant to Rule 306a(5).  In the Interest of Simpson,
932 S.W.2d at 678; Montalvo, 885 S.W.2d at 237; Carrera, 847
S.W.2d at 342; but see Thermex Energy Corp. v. Rantec Corp., 766 S.W.2d
402 (Tex. App.—Dallas 1989, writ denied).  

            Jamea
argues that Trinity did not file a sworn motion in compliance with Rule 306a(5)
and, therefore, the trial court’s jurisdiction was never reinvoked.  On January
11, 2010, Trinity filed a motion for resubmission or rehearing on the
no-evidence summary judgment.  Trinity did not make reference to Rule 306a in
that motion, but instead argued that the trial court still had plenary power to
hear the matter because there was no final and appealable judgment.  In
response to the trial court’s January 12, 2010 request, Trinity filed an
unsworn letter addressing the court’s plenary power.  Trinity’s counsel
asserted that he obtained actual knowledge on January 5, 2010, that an order
granting the nonsuit had been signed and, therefore, the ninety-day deadline to
file a motion within the court’s plenary power was January 20, 2010. 

Trinity asserts that, while its January 19, 2010 letter was
not a formal sworn motion about “the date on which the party or his attorney
first either received notice of the judgment or acquired actual knowledge of
the signing,” it substantially complied with Rule 306a because the letter was
signed by the attorney of record, who is an officer of the court, and the
letter identified the date on which Trinity’s counsel received notice of the
order granting Jamea’s nonsuit.  The January 19, 2010 letter from Trinity’s
counsel to the trial court states, in relevant part:

            The two requirements of section [306a](4) are
that counsel neither received notice in compliance with Rule 306a(3),
nor did counsel have actual knowledge of the order.  Counsel did
not receive notice that complied with section (3) of Rule 306 because [the
clerk of the court] erroneously did not give counsel notice that the
order was final or appealable, nor did counsel have actual knowledge
that an Order was signed. . . . Counsel obtained actual knowledge that
an Order was signed on or about January 5, 2010, when the undersigned contacted
Plaintiff’s attorney, David Fettner, for a certificate of conference on a
Motion for Continuance of the January 18, 2010 trial date. [3]

            Contrary
to Trinity’s counsel’s assertions regarding the requirements of Rule 306a(4), the
rule specifies that the party must prove “the date on which the party or his
attorney first either received a notice of the judgment or acquired actual
knowledge of the signing.”  Tex. R. Civ. P. 306a(4) (emphasis added).  Notice
and actual knowledge must be negated by both the party and the party’s counsel
in order to make a prima facie showing of lack of timely notice.  Schuble,
943 S.W.2d at 126.  The January 19, 2010 letter addresses only notice and
actual knowledge as to Trinity’s counsel.  The letter does not negate the
possibility that Trinity received notice or acquired actual knowledge within twenty
days after the trial court signed the order of nonsuit.  Therefore, even if
Trinity’s counsel’s signing the “Rule 306a letter” were sufficient to
constitute a sworn motion—an issue we do not reach—the letter is not sufficient
to make the prima facie showing required by Rule 306a(5).[4] 


            Trinity
relies on Thermex Energy in support of its argument that it
substantially complied with Rule 306a.  In Thermex Energy, the Dallas court
of appeals considered whether an unverified motion under Rule 306a(5) served to
extend the trial court’s plenary power.  766 S.W.2d at 403.  Though the Rule
306a motion was not sworn, the opposing party did not object, and trial court
conducted a hearing on the motion.  The trial court conducted a Rule 306a
hearing within thirty days of the date on which Thermex or its attorney first
had notice or knowledge of the judgment.  Thermex presented sworn testimony
satisfying its burden of proof under Rule 306a(5).  In this context, the Thermex
Energy court held that Thermex’s failure to verify its Rule 306a motion did
not prevent the trial court from finding in its Rule 306a order that its
plenary power had been extended.  See id. at 405–06. 

            Even
if this court were to follow the Thermax Energy case, it is not on point. 
Trinity filed its January 19, 2010 unsworn letter addressing the trial court’s
plenary power in response to the trial court’s request for briefing on the
issue during a January 12, 2010 telephone conference.  The trial court granted
the motion for rehearing on January 25, 2010, without a hearing.  Trinity does
not assert that an evidentiary hearing was held on any Rule 306a motion or that
Trinity provided any sworn testimony in support of its unsworn “306a letter.” 
Thus, even if the trial court could have conducted a Rule 306a hearing without
Trinity first having made a prima case in a sworn motion, no such hearing was
held, and Trinity did not provide sworn testimony of “the date on which [Trinity
or its] attorney first either received notice of the judgment or acquired
actual knowledge of the signing.”  

            We
conclude that Trinity did not establish the date on which it or its attorney
first either received notice of the judgment or acquired actual knowledge of
the signing of the judgment pursuant to Rule 306a.  Therefore, Trinity did not
reinvoke the trial court’s jurisdiction after jurisdiction expired on November
21, 2009, rendering void the trial court’s January 20, 2010 order jurisdiction
granting Trinity’s motion for rehearing and vacating the September 14, 2010
summary judgment order and the February 19, 2010 order denying Jamea’s
no-evidence motion for summary judgment.  

            Trinity
argues that the relief sought by Jamea in this original proceeding is moot in
light of Jamea’s nonsuit of his claims against Trinity and Trinity’s February
19, 2010 nonsuit of its claims against Jamea.[5] 
In support of this position, Trinity relies on University of Texas Medical
Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98
(Tex. 2006) (per curiam).  In Blackmon, The University of Texas Medical
Branch (“UTMB”) appealed the trial court’s denial of its plea to the
jurisdiction.  Id. at 100.  The court of appeals initially reversed the
trial court’s order and rendered judgment for UTMB, but withdrew the judgment
upon granting the plaintiff’s motion for rehearing.  Id.  Three weeks
later, the plaintiff filed a nonsuit and moved to dismiss the appeal for want of
jurisdiction.  Id.  The court of appeals denied the plaintiff’s motion
and issued a new opinion affirming the denial of UTMB’s plea to the
jurisdiction.  Id.  The Supreme Court of Texas agreed with the
plaintiff’s argument that there was no longer a case or controversy, and that her
nonsuit deprived the court of appeals of jurisdiction over UTMB’s appeal.  Id. 
The Blackmon court explained:

            Finally, UTMB argues that a plaintiff cannot
nonsuit a claim once a court has rendered a judgment on the merits. . . . In
this case, however, the court of appeals withdrew its judgment for UTMB before
the nonsuit was filed.  As a result, the nonsuit vitiated only the trial
court’s interlocutory order denying UTMB’s plea to the jurisdiction.  That
ruling favored Shultz and, consequently, its nullification did not prejudice
UTMB.

Id.
at 101 (citations omitted).  

            Trinity
asserts that when the trial court granted its motion for rehearing and vacated
the order granting Jamea’s no-evidence motion for summary judgment, there was
no judgment on the merits of its breach-of-contract claim.  According to
Trinity, because the denial of the no-evidence motion for summary judgment
favored Trinity, its nullification did not prejudice Jamea.  When Trinity then
filed its nonsuit, there were no claims pending against it because Jamea had
nonsuited “all claims against all Defendants.”  Therefore, Trinity argues, upon
the filing of its nonsuit, Jamea’s motion to dismiss for lack of jurisdiction
and the court’s ruling denying the motion became moot.  

            Contrary
to Trinity’s contention, the relief Jamea seeks in this original proceeding is
not moot.  As addressed above, Trinity’s breach-of-contract claim had been
adjudicated on the merits, the summary judgment became final upon the signing of
the order of nonsuit on Jamea’s claim, no timely motion was filed extending the
trial court’s plenary power beyond thirty days after judgment, and Trinity did
not reinvoke the trial court’s jurisdiction pursuant to Rule 306a.  Because the
trial court’s plenary power expired, the court’s January 20, 2010 order
granting the motion for rehearing and vacating the September 14, 2009 summary
judgment order and the February 19, 2010 order denying Jamea’s no-evidence
motion for summary judgment are void.  Therefore, Trinity’s breach-of-contract
claim was not pending when it filed its nonsuit.  

Conclusion

            In
the absence of a proper Rule 306a motion, the trial court’s plenary power was
not extended and it expired on November 21, 2010.  Therefore, the trial court
did not have plenary power to set aside the September 14, 2009 order granting
Jamea’s no-evidence motion for summary judgment or to deny the no-evidence
motion for summary judgment.  These orders constitute an abuse of discretion. 
Because the orders are void, Jamea does not have to show lack of an adequate
remedy by appeal.  See In re Sw. Bell Tel. Co., 35 S.W.3d at 605.  

            Accordingly,
we conditionally grant Jamea’s petition for writ of mandamus and direct the
trial court to set aside its (1) January 20, 2010 order granting Trinity’s
motion for resubmission or hearing and vacating the September 14, 2009 order
granting Jamea’s no-evidence motion for summary judgment, and (2) February 19,
2010 order denying Jamea’s no-evidence motion for summary judgment.  We further
order the trial court to vacate its February 19, 2010 order denying Jamea’s
motion to dismiss, and to grant the motion to dismiss.  The writ will issue only
in the unlikely event the trial court fails to act in accordance with this
opinion.  

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Frost, Boyce,
and Sullivan.









[1] Trinity
asked the trial court to take judicial notice that Labor Day was September 7,
2009.  Because the seventh day prior to the hearing was a holiday, Trinity
asserted its response was timely filed when it was mailed on September 8,
2009.  See Tex. R. Civ. P. 4.  





[2] See
McGrew v. Heard, 779 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1989,
orig. proceeding) (holding interlocutory summary judgment became final on date
order granting nonsuit was signed); Roquemore v. Kellogg, 656 S.W.2d
646, 649 (Tex. App.—Dallas 1983, no writ) (holding summary judgment became
final and appealable when trial court signed order granting motion for
nonsuit); cf. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 707
(1961) (orig. proceeding) (holding interlocutory default judgment became final
when plaintiff nonsuited other defendants and time to appeal started to run
from date of order of dismissal); Tom Benson Co. v. Ervine, 574 S.W.2d
221, 221 (Tex. Civ. App.—San Antonio 1978, writ ref’d n.r.e.) (holding
interlocutory default judgment became final when trial court granted
plaintiff’s motion for nonsuit against co-defendant).  





[3] Emphasis
added. 





[4] See
Schuble, 943 S.W.2d at 126 (holding that affidavit only established when
member of plaintiffs’ legal team acquired knowledge and was not sufficient to
show that plaintiffs had not received written notice or acquired actual
knowledge of the entry of judgment in timely fashion); In the Interest of
Simpson, 932 S.W.2d at 678 (holding Rule306a motion, which only stated
party’s past and present attorney had no notice or knowledge of signing of
judgment until his present attorney acquired actual knowledge and did not refer
to whether party himself had notice or knowledge of judgment within twenty-day
period, did not negate possibility that party had received notice or knowledge
within twenty-day period).  





[5]
Trinity’s notice of nonsuit
states:

            This Notice of
Nonsuit Without Prejudice is brought by Defendants/Counter-Plaintiffs Trinity
Universal Insurance Company, Security National Insurance Company and Trinity
Universal Insurance Company of Kansas, Inc. (Trinity Universal).  In support,
Trinity Universal would show:

            At this time,
they no longer desire to prosecute this suit against
Plaintiff/Counter-Defendant Shahin Jamea and request this matter be dismissed
without prejudice, with court costs taxed against the party incurring the
same.